■ MICHAEL MISEIRVITCH, Respondent, v COULTER & McKENZIE MACHINE Co., Respondent, and EGAN MACHINERY COMPANY, Defendant and Third-Party Plaintiff-Appellant. ADMIRAL PLASTICS, INC., Third-Party Defendant. — In an action to recover damages for personal injuries, defendant third-party plaintiff Egan Machinery Company appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated January 22, 1981, which denied its motion for summary judgment dismissing the complaint and directed that it accept service of plaintiff's bill of particulars. Order reversed, on the law, with $50 costs and disbursements payable by plaintiff, motion granted and complaint dismissed. (See *Wolkowicki v Rizzo*, 43 AD2d 838.) Damiani, J. P., Mangano, Weinstein and Bracken, JJ., concur.

■ WILLIAM MOFFATT, Appellant, v ELEANOR MOFFATT, Respondent. — In a matrimonial action, plaintiff appeals (1) from so much of an order of the Supreme Court, Nassau County (Kelly, J.), dated November 6, 1980, as granted defendant's cross motion for leave to discontinue her counterclaim for separation, without prejudice, and (2) as limited by his notice of appeal and brief, from so much of a further order of the same court (Vitale, J.), entered April 30, 1981, as (a) set aside a jury verdict in his favor on his first cause of action, for divorce, (b) denied his motion for summary judgment on his nonmatrimonial causes of action, and (c) failed to rule on the merits of his second cause of action, for separation. Order dated November 6, 1980 reversed insofar as appealed from, without costs or disbursements, the provision granting defendant's cross motion is deleted, and the cross motion for leave to discontinue is denied. Order entered April 30, 1981 modified, by deleting the first decretal paragraph and substituting a provision denying defendant's motion to set aside the jury verdict. As so modified, said order affirmed insofar as appealed from, without costs or disbursements, and the verdict is reinstated. With respect to Special Term's order of November 6, 1980, it was error on the facts at bar to grant defendant leave to discontinue her counterclaim without prejudice where that counterclaim was interposed prior to July 19, 1980, the effective date of the Equitable Distribution Law (see Domestic Relations Law, § 236, part B; cf. *Valladares v Valladares*, 80 AD2d 244, 258-259). With regard to the order entered April 30, 1981, Special Term's granting of defendant's motion to set aside the verdict was error in that there was a reasonable view of the evidence to support the jury verdict. "When weight of evidence is the issue, a verdict for the plaintiff may not be disregarded unless the evidence so preponderates in favor of the defendant that it could not have been reached on any fair interpretation of the evidence" (*O'Boyle v Avis Rent-A-Car System*, 78 AD2d 431, 439). Special Term's silence with respect to the merits of plaintiff's cause of action for a separation is thus academic. We have considered plaintiff's other contentions and find them to be without merit. Damiani, J. P., Titone, Mangano and Weinstein, JJ., concur.