OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the matter remitted to that Court for further proceedings in accordance with this memorandum.
 

 Plaintiff, Claire Lolik, slipped and fell on a wet spot on the floor of defendant’s supermarket and she and her husband instituted this action to recover damages for her resultant injuries. The jury awarded Claire Lolik $12,000 for past pain and suffering, and apportioned liability, but failed to award her damages for future pain and suffering or to award her husband damages on his derivative cause of action. The trial court ordered a new trial on future pain and suffering, concluding that the jury’s verdict was against the weight of the evidence.
 

 On appeal, a divided Appellate Division reinstated the jury’s verdict dismissing the claim for future pain and suffering. It held that the trial court could set aside the verdict and order a new trial only if there was " 'no valid line of reasoning and permissible inferences which could possibly lead rational men
 
 *746
 
 to the conclusion reached by the jury on the basis of the evidence presented’ ” (210 AD2d 703, 705), citing
 
 Cohen v Hallmark Cards
 
 (45 NY2d 493, 499). The test, the Court said, is not whether the jury erred in weighing the evidence, but whether any viable evidence existed to support the verdict. Concluding that there was and, therefore, that the jury’s verdict had "a rational basis”, it found Supreme Court erred in setting the verdict aside (210 AD2d, at 706).
 

 However, there was abundant medical evidence from which the jury could conclude that the fall caused plaintiffs existing asymptomatic arthritic condition to become symptomatic after the fall and thus, as the dissenter observed, the trial court could set aside the dismissal and order a new trial if it concluded the jury’s verdict was against the weight of evidence. The standard for making that determination, and reviewing it on appeal, was whether " 'the evidence so preponderate^] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence’ ”
 
 (Moffatt v Moffatt,
 
 86 AD2d 864,
 
 affd
 
 62 NY2d
 
 875; see also, Delgado v Board of Educ., 65
 
 AD2d 547,
 
 affd no opn
 
 48 NY2d 643). The Appellate Division simply ignored the evidence supporting plaintiffs claim and reinstated the jury’s verdict declining to award damages for future pain and suffering, erroneously concluding that inasmuch as there was evidence to support the verdict the analysis was at an end.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.