■ CHERYL A. SCOTT, Respondent, v WILLIAM F. YURKEWECZ, Appellant. [650 NYS2d 461] —Peters, J. Appeal from an order of the Supreme Court (Best, J.), entered September 29, 1995 in Montgomery County, which granted plaintiff's motion to set

aside the verdict and ordered a new trial on the issue of future damages.

Plaintiff instituted this action for personal injuries sustained when a pickup truck owned by defendant collided with the rear of her vehicle. At the close of all the proof after a two-day trial, a verdict was directed in favor of plaintiff. Supreme Court found the establishment of a "serious injury" (see, Insurance Law § 5102 [d]), in that plaintiff sustained a "permanent consequential limitation of the use of her left arm and a significant limitation of use of body function or system". The jury thereafter awarded plaintiff $25,000 for her past pain and suffering, yet failed to award her any damages for future pain and suffering. Concluding that the verdict was against the weight of the evidence, the court granted plaintiff's motion for a new trial on the issue of future damages. Defendant now appeals. Plaintiff claims that, as a result of this accident, she has suffered from "severe cervical strain or sprain; constant pain in the cervical and upper trap area; pain in the area of the left scapula; numbness in the left middle ring and little finger; severe headaches and pain upon cervical movement". Although she contends that she never suffered from these conditions prior to the accident, she claims that they continue to the present. She testified to her routine of physical therapy and how such treatments had only temporarily alleviated the pain. She further testified how such conditions impact upon her ability to fully perform both her work-related activities as a limousine driver and her recreational activities.

Plaintiff proffered the testimony of her treating orthopedic surgeon, James Holmblad, who testified that the trauma from the accident aggravated a prior asymptomatic degenerative disc condition in her cervical spine. After detailing the treatment rendered and the fluctuation of her discomfort, Holmblad opined, after comparing X rays, that the degree of degeneration seen in plaintiff's spine would not have occurred in the absence of this accident. Although reporting that there would have been some further degeneration as a result of her preexisting condition, Holmblad concluded that the majority of her current symptoms are a direct result of the trauma suffered. Notwithstanding a complete examination of plaintiff by James Nelson, a physician chosen by the defense, neither his testimony nor that of any other medical expert was offered. Accordingly, the findings of Holmblad remained uncontroverted.

In analyzing whether the jury's verdict was against the weight of the evidence, we must determine whether " ' "the ev-

idence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875). Based upon the uncontroverted proof presented detailing the permanence of these injuries, we must conclude that Supreme Court properly exercised its discretion in awarding a new trial on the issue of future damages (*see, Lolik v Big V Supermarkets, supra; Cochetti v Gralow*, 192 AD2d 974).

Accordingly, the order of Supreme Court is affirmed.

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.