◼ RICHARD C. BECKWITH et al., Respondents, v PAUL G. RUTE, Appellant, et al., Defendants. [653 NYS2d 172] —Peters, J. Appeal from an order of the Supreme Court (Best, J.), entered October 23, 1995 in Fulton County, which granted plaintiff's motion to set aside the verdict and order a new trial on the issue of future damages.

Plaintiff Richard C. Beckwith (hereinafter plaintiff) and his wife, derivatively, commenced this action for personal injuries as a result of his fall through a hole in the floor of a barn owned by defendant Paul G. Rute in September 1992. At the close of all proof, the jury returned a verdict finding Rute liable for negligence and apportioned liability. The jury awarded $75,000 to plaintiff for his pain and suffering from the date of the accident up to and including the date of the verdict,* but awarded no damages for future pain and suffering. Concluding that the jury's refusal to award any damages for future pain and suffering was contrary to the weight of the credible evi-

---

* The jury also awarded $25,000 to plaintiff Joan Beckwith for her derivative claim arising out of this action.

dence, Supreme Court granted plaintiff's motion for a new trial on that issue. Defendant appeals.

Plaintiff is a retired State Police Officer who served for nearly 30 years. He testified that in 1975, in the course of his employment, he sustained an injury to a tendon in his left arm which required corrective surgery. A determination was later made that he had sustained a 30% loss of strength in his arm and that, as a result thereof, he may not be able to adequately defend his weapon. Upon his retirement, he received disability for approximately 10 years. Between the years 1977 and 1992, being right-hand dominant and having increased his ability to use his left arm over time, plaintiff claimed that he performed numerous maintenance and recreational activities. After the accident in 1992, he contended that his ability to do all such activity ceased. Due to a tear in the rotator cuff of his left shoulder, which required intensive physical therapy and two operations, plaintiff claimed that he sustained a permanent injury which caused him great pain when he performed his activities of daily living.

In support thereof, plaintiff proffered the testimony of two board-certified orthopedic surgeons—Thomas Eagan and Ronald White. Eagan was the first to examine plaintiff after his discharge from the hospital. Based upon a magnetic resonance imaging test, it was determined that there existed a partial tear in plaintiff's rotator cuff. Eagan thus recommended corrective surgery. White, plaintiff's treating physician from November 1992 until April 1994, confirmed that plaintiff had suffered a complete tear in his rotator cuff. He identified objective signs to support his diagnosis and explained how such injury was compatible with the medical history given.

After detailing the various courses of medicine and physical therapy authorized by him, as well as the two surgeries he found necessary to perform in an attempt to correct the shoulder, White testified to the objective evidence which supported the pain described by plaintiff. Other than a surgical fusion which would permanently fuse plaintiff's arm into a single position at his side, an admittedly drastic procedure, White testified that the only alternative to alleviate the pain is to keep the arm at the side of the body. He further testified that movement of the arm at the shoulder can continue to be a competent producing cause of pain and discomfort, that such limitation of movement will affect plaintiff's ability to lift objects of any weight, that the injury is permanent and that if plaintiff experiences a significant amount of pain, a shoulder fusion is the only viable alternative. Though White testified that he was un-

aware of plaintiff's prior injury to his left arm, he maintained that it did not affect his diagnosis or prognosis.

Fully acknowledging the inconsistencies in plaintiff's testimony when describing the limitation of activities occasioned by him as a result of the earlier accident as compared to the present, the fact remains that the findings of both Eagan and White remain uncontroverted. Notably, notwithstanding a complete examination of plaintiff by a physician chosen by the defense, neither the testimony of that physician nor that of any other medical expert was proffered. On this appeal, we must determine whether " 'the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875; *see, Santalucia v County of Broome*, 228 AD2d 895; *Kelley v Balasco*, 226 AD2d 880). In light of the uncontroverted medical proof detailing the permanence of plaintiff's injury and that such injury is a competent producing cause of continued pain and suffering, we conclude that Supreme Court properly exercised its discretion in awarding a new trial on the issue of future damages (*see, Lolik v Big V Supermarkets, supra*; *Scott v Yurkewecz*, 234 AD2d 673; *Cochetti v Gralow*, 192 AD2d 974).

Mikoll, J. P., Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.