■ GLADYS M. LAGUEUX, Respondent, v ALLEN L. HAYES, Appellant. [661 NYS2d 86] —Casey, J. Appeal from an order of

the Supreme Court (Best, J.), entered July 18, 1996 in Montgomery County, which granted plaintiff's motion to set aside the verdict, and ordered a new trial on the issue of damages.

In October 1993, plaintiff was injured when defendant, her then live-in boyfriend, slammed her face into a wall, causing massive swelling, black and blue marks around the eyes, nose and mouth, and extreme pain. X rays revealed crushing fractures of the left eye socket and sinus walls, which caused ruptured sinus cavities, and fractures of the right eye socket and other facial bones. Plaintiff also sustained multiple displaced fractures resulting in the misalignment of her left and right cheek bones. Her attending physician, an oral and maxillofacial surgeon, attested to the severity of her fractures and opined that the crushing nature of the left facial bone fracture was the most damaging. It was necessary for the doctor to administer antibiotics and morphine for a week to lessen plaintiff's extreme pain and discomfort until the swelling subsided sufficiently to permit surgery.

Ultimately, plaintiff underwent reconstructive facial surgery to reposition her facial bones. Although her healing was uneventful, plaintiff continued to have persistent headaches, numbness in her left cheek and nose, and pain upon sneezing and coughing. The six weeks of physical therapy that followed did little to lessen her pain and drastically curtailed plaintiff's daily activities. Defendant produced no evidence to controvert the opinion, diagnosis and treatment of plaintiff's doctor, and defendant did not seriously dispute that the injuries were inflicted by him.

The jury awarded plaintiff a verdict of $25,000 for past pain and suffering, but no damages for future pain and suffering. Supreme Court granted plaintiff's motion to set aside the jury verdict as against the weight of the evidence and inadequate, and ordered a new trial on the issue of damages. Defendant appeals. We affirm.

In our view, the verdict could not have been reached by the jury on any fair interpretation of the evidence (see, Lolik v Big V Supermarkets, 86 NY2d 744, 747; Burns v Gooshaw, 225 AD2d 980, 981). In addition to the injuries previously mentioned, plaintiff stated that her head felt like an open wound and that she was unable to wear her dentures or eat solid food for a month after surgery. She was unable to work for two years and she suffered and continues to suffer from untreatable facial pain and numbness, increased cold sensitivity, and pain while bending over and performing daily activities.

Plaintiff's treating physician confirmed that her complaints had an objective medical basis, caused by head trauma, and that her injuries were permanently disabling. This opinion was not contradicted or altered in any way. In these circumstances, Supreme Court properly exercised its discretion in setting aside the verdict and its order should, therefore, be affirmed (*see*, *Beckwith v Rute*, 235 AD2d 892, 893-894; *Rakich v Lawes*, 186 AD2d 932, 934).

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.