■ PAMELA CRAWFORD et al., Appellants-Respondents, v PATRICIA MARCELLO et al., Individually and Doing Business as EARLY BIRD DAY CARE CENTER, Respondents-Appellants. (Appeal No. 1.) [668 NYS2d 852] —Judgment unanimously reversed on the law without costs and new trial granted on damages for past and future pain and suffering and loss of consortium only. Memorandum: In this personal injury action, Supreme Court properly denied defendants' motion for a directed verdict. The complaint alleges that Pamela Crawford (plaintiff) tripped and fell over a chain while walking to her car from a day care center operated by defendants. The 20-foot chain was strung by defendants to separate the parking area from the children's play area. We reject the contention of defendants that the open and obvious nature of the chain relieves them of any liability. The chain was strung completely across the pathway from the day care center to the parking lot, and there was no opening provided through which to walk. The fact that the chain was readily observable goes to the issue of comparative negligence and does not negate the duty of defendants to keep their premises reasonably safe (*see, Morgan v Genrich*, 239 AD2d 919).

We also reject defendants' contention that proof of causation is lacking because plaintiff does not recall tripping on the chain. Plaintiff presented proof that she was attempting to cross the chain to reach her car when she fell and landed on the other side of the chain. Where, as here, a case is based on circumstantial evidence, " '[i]t is enough that [plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred' " (*Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744).

The jury determined that plaintiff was 40% at fault and

awarded her $10,000 for past pain and suffering; the parties stipulated to damages of $2,517.06 for past medical expenses and $2,429.55 for lost wages. We conclude that the jury's award of $10,000 for past pain and suffering and failure to award any damages for future pain and suffering and on the husband's derivative claim deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

Plaintiff sustained an undisplaced metatarsal fracture of the left foot, a sprained left ankle, and a fracture to her left elbow requiring surgery and internal fixation. It is uncontroverted that there is scarring, a 15- to 18-degree reduction in range of motion of the elbow and continuing pain. Plaintiff could not work for a month, and her husband had to maintain the household and care for their two children during the period of her recuperation. The conclusion that plaintiff has no compensable future pain and suffering and that her husband has no damages on his derivative claim " ' "could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746). Furthermore, the $10,000 awarded for past pain and suffering is inadequate. (Appeals from Judgment of Supreme Court, Erie County, Kane, J.—Damages.) Present—Pine, J. P., Lawton, Wisner, Callahan and Boehm, JJ.