Irene F. Wroblewski, Individually and as Administratrix of the Estate of Thaddeus J. Wroblewski, Deceased, Appellant, v National Fuel Gas Distribution Corporation, Respondent. (Appeal No. 1.) [668 NYS2d 423] —Judgment unanimously modified on the law and as modified affirmed with costs to plaintiff and new trial granted on damages for past and future pain and suffering only in accordance with the following Memorandum: Supreme Court erred in denying plaintiff's motion to set aside the verdict and to grant a new trial with respect to damages for past and future pain and suffering. Plaintiff was injured when the automobile in which she was a passenger suddenly dropped into a deep hole in the road. Defendant previously had dug the hole to repair a gas line and had failed to fill it adequately. The sudden drop forcibly jolted and twisted plaintiff's body. It is undisputed that plaintiff sustained a compression fracture of the thorocal lumbar junction at T-12 with a 70% loss of vertebral height as a result of the accident and that her condition is permanent. Defendant's expert noted that the results of an MRI examination also revealed a lesser fracture at T-11. Plaintiff established at trial that she experienced pain constantly despite taking pain medication and that she continued to experience pain even though she wears a custom-fitted back brace except when sleeping. She established that she had difficulty straightening her back and lifting her leg, and that bending, lifting and walking aggravated her condition and exacerbated her pain. Plaintiff could not perform daily activities such as cooking, house cleaning and gardening, and, after returning to work, plaintiff discontinued activity that required bending or lifting. After her husband died, plaintiff attempted to perform some household chores but continues to experience pain upon exertion and has to stop to rest.

Defendant presented a surveillance videotape at trial, depicting plaintiff three years after the accident shoveling snow from her driveway, knocking icicles from the roof of her residence, and carrying a gallon jug from a convenience store to the bakery where she worked. Defendant had conducted surveillance of plaintiff for 43 hours over a two-day period but had videotaped only 20 minutes of her activities. Plaintiff testified that a neighbor usually shoveled her driveway and sidewalk but she had to shovel the snow because the mail carrier had complained. She further testified that she continued to suffer pain while performing those tasks.

The jury awarded plaintiff damages of $20,000, of which $5,000 was allocated for medical expenses, $5,000 for loss of earnings, and $10,000 for past pain and suffering. The jury awarded no damages for future pain and suffering. The court denied plaintiff's motion to set aside the verdict with respect to past and future pain and suffering. The court concluded that the jury's determination was supported by testimony that the records of one of plaintiff's physicians failed to note complaints of back problems on several office visits and by the surveillance videotape.

In our view, the evidence of the extent of the injuries sustained by plaintiff preponderates in her favor. Plaintiff's physician explained that, on those occasions that his records do not indicate complaints of back pain, plaintiff visited his office for different medical conditions and his records documented his observations and treatment of those conditions. Plaintiff testified that she experienced pain while performing the activities depicted on the videotape. In any event, aside from the credibility issues concerning that evidence, it is undisputed that plaintiff sustained a severe and disabling back injury. Defendant's expert acknowledged that plaintiff "has a severe fracture of the anterior vertebrae at T-12" with a "70% loss of height of the vertebral body in that * * * anterior part", that her back problem has progressively worsened, and that her complaints of pain were consistent with her injury.

We conclude, therefore, that the award of $10,000 for past pain and suffering is inadequate; it deviates materially from what is reasonable compensation for plaintiff's past pain and suffering (*see, Tariq v Miller*, 240 AD2d 395; *Sluzar v Nationwide Mut. Ins. Co.*, 223 AD2d 785; *Brown v Stark*, 205 AD2d 725). We further conclude that the jury's failure to award any damages for future pain and suffering is contrary to the weight of evidence. Although plaintiff also suffers from osteoporosis, it is undisputed that in the future she will continue to suffer pain in connection with the compression fracture and that her condition will require monitoring in the future. Further, defendant did not controvert the expert opinion of one of plaintiff's physicians that the injury sustained by plaintiff may worsen to the extent that it may require future surgery. Under the circumstances, the verdict awarding no damages for future pain and suffering " ' "could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875). Thus, we modify the judgment by granting plaintiff's motion to set aside the verdict and by vacating the verdict with

respect to damages for past and future pain and suffering, and we grant a new trial with respect to those issues only.

We have reviewed the remaining contentions of plaintiff and conclude that they lack merit. (Appeal from Judgment of Supreme Court, Erie County, LaMendola, J.—Damages.) Present—Denman, P. J., Pine, Hayes, Balio and Boehm, JJ.