■ NICHOLAS DIGLIO, Appellant, v GRAY DORCHESTER ASSOCIATES, Respondent. [680 NYS2d 786] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff and new trial granted on damages for future pain and suffering only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the verdict to $50,000 for future pain and suffering, in which event the order is modified accordingly and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: In this action arising out of personal injuries

sustained by plaintiff, the jury awarded plaintiff $23,000 for past lost earnings, $8,910 for past pain and suffering, $8,100 for past medical expenses and $13,230 for future medical expenses for a period of 25 years, plaintiff's life expectancy, but made no award for future pain and suffering. Although Supreme Court determined only that the jury's failure to award damages for future pain and suffering is contrary to the weight of the evidence, it set aside the entire verdict and ordered a new trial on the issues of both liability and damages.

The verdict insofar as it awards no damages for future pain and suffering is contrary to the weight of the evidence (*see*, CPLR 4404 [a]; *Wroblewski v National Fuel Gas Distrib. Corp.*, 247 AD2d 917). The record shows that plaintiff continues to suffer back pain and spasms and has intermittent numbness in his left leg. The unrefuted medical evidence establishes that plaintiff's injuries resulted in permanent partial disability that will continue to cause pain. Plaintiff regularly takes medication for chronic back pain and has limited ability to bend and lift objects. His condition makes it uncomfortable for him to sit or stand for any length of time. Since the accident, plaintiff has been unable to engage in his former sporting activities.

The court, however, abused its discretion in setting aside the entire verdict. "[T]he discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution" (*Nicastro v Park*, 113 AD2d 129, 133). "Where varying inferences from the evidence are possible, the issue of negligence is left for the jury" (*Harris v Armstrong*, 97 AD2d 947, *affd* 64 NY2d 700). Further, the issue of future pain and suffering is not so intertwined with the other segments of the verdict that a new trial is required on all issues (*cf.*, *Kosinski v Consolidated Rail Corp.*, 195 AD2d 964).

We therefore modify the order by denying plaintiff's motion in part, reinstating the verdict except for that part that made no award for future pain and suffering and grant a new trial on damages for future pain and suffering only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the verdict to $50,000 for future pain and suffering less the percentage of comparative fault of 35%, in which event the order is modified accordingly. (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Set Aside Verdict.) Present—Denman, P. J., Hayes, Wisner, Callahan and Boehm, JJ.