■ DALE BAILEY, Appellant, v JAMES WOOD et al., Respondents. [681 NYS2d 658] —White, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered October 17, 1997 in Washington County, upon a verdict rendered in favor of defendants.

We are called upon to decide whether Supreme Court properly denied plaintiff's motion to set aside the jury's verdict on damages in this automobile negligence case. For the reasons that follow, we conclude that plaintiff's motion should have been granted and, thus, we reverse.

The standard for determining whether a jury verdict was against the weight of the evidence is whether " ' "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875). Here, the record shows that two or three weeks after plaintiff's van was struck in the rear by a van driven by defendant James Wood he began to experience pain in his jaw. He then sought treatment from Mohammed Baghaei-Rad, a specialist in oral and maxillofacial surgery, who diagnosed plaintiff as suffering from left temporomandibular joint (hereinafter TMJ) disfunction that in his opinion was caused by plaintiff's accident. Initially, the injury was treated nonsurgically until it became apparent, after about seven months, that surgery was necessary. On August 24, 1994, Rad performed an arthroplasty of the left TMJ which provided temporary relief. Unfortunately, in March 1995 plaintiff again began to experience pain and returned to Rad, who provided him with a bite guard. When Rad examined plaintiff in November 1995, his jaw was in a closed locked position. To correct this condition, Rad in December 1995 performed a left TMJ reconstruction. Despite these surgeries, plaintiff cannot fully open his mouth, he hears a constant noise in his jaw and experiences daily pain, which conditions Rad believes are permanent. Significantly, defendant's examining dental surgeon concurred with Rad's opinions with regard to causation and permanency.

Given this uncontroverted medical proof, the jury's verdict that plaintiff was not entitled to damages for past or future pain and suffering could not have been reached on any fair interpretation of the evidence (*see, Lagueux v Hayes*, 241 AD2d 813; *Beckwith v Rute*, 235 AD2d 892; *Scott v Yurkewecz*, 234 AD2d 673). Accordingly, plaintiff is entitled to a new trial on the issue of damages.

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law, with costs to plaintiff, and matter remitted to the Supreme Court for a new trial on the issue of damages.