■ DAVID J. MCGILL, Respondent, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [689 NYS2d 801] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover damages for injuries to his knees sustained in an automobile accident. Supreme Court properly granted that part of plaintiff's motion to set aside the jury verdict insofar as it awards plaintiff damages of $20,000 for past pain and suffering because that award deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Faulise v Trout,* 254 AD2d 755; *Crawford v Marcello,* 247 AD2d 907). The court also properly granted that part of plaintiff's motion with respect to the jury's failure to award any damages for future lost wages and future lost household services (*see, Faulise v Trout, supra; Crawford v*

*Marcello, supra).* The court erred, however, in granting that part of plaintiff's motion with respect to the award of $40,000 for future pain and suffering. Because plaintiff's right knee was not painful at the time of trial and as much as 50% of the injury to the left knee was preexisting, that award does not deviate materially from what would be reasonable compensation. We therefore modify the order by denying that part of plaintiff's motion to set aside the jury verdict insofar as it awards plaintiff damages of $40,000 for future pain and suffering and by reinstating that award. (Appeal from Order of Supreme Court, Erie County, NeMoyer, J.—Set Aside Verdict.) Present—Green, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.