■ GREGORY SIMMONS et al., Respondents, v DENDIS CONSTRUCTION, INC., Appellant and Third-Party Plaintiff. S & H CONTRACTORS, Third-Party Defendant-Appellant. [705 NYS2d 779] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted plaintiffs' motion to set aside the verdict insofar as it awarded $6,000 for past pain and suffering and no damages for future pain and suffering or on the derivative cause of action and directed a new trial unless de-

fendant stipulated to increase the verdict. Gregory Simmons (plaintiff) sustained fractures of the tibia and fibula when a foundation wall collapsed on his leg. Plaintiffs presented uncontroverted medical and nonmedical proof that the injury was painful and that the closed reduction performed to treat the fractures was a painful procedure. It is also undisputed that plaintiff was in severe pain and confined to bed for four weeks and disabled from working for over six months following the accident. In light of that proof, the court properly determined that the award for past pain and suffering is inadequate (*see, Spors v Stoll,* 256 AD2d 1083, 1085-1086, *lv dismissed* 93 NY2d 998; *Crawford v Marcello,* 247 AD2d 907, 908). The record also supports the court's determination that the jury's failure to award any damages on the derivative cause of action is contrary to the weight of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746). Plaintiffs presented proof that, during the period in which plaintiff was confined to bed, his wife provided him full-time care and slept apart from him to avoid causing him further pain. In addition, while plaintiff was disabled from working, plaintiff's wife assumed all of the household duties, including the care of plaintiffs' infant daughter. Under those circumstances, the jury's conclusion that plaintiff's wife is entitled to no damages on the derivative cause of action could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets, supra,* at 746; *O'Rourk v Berner,* 249 AD2d 975, 975-976; *Crawford v Marcello, supra,* at 908). With respect to damages for future pain and suffering, plaintiffs presented uncontroverted medical proof that the injury to plaintiff resulted in a permanent partial disability that will continue to cause him pain and a significant loss of range of motion in his ankle (*see, Diglio v Gray Dorchester Assocs.,* 255 AD2d 911, 912; *Wroblewski v National Fuel Gas Distrib. Corp.,* 247 AD2d 917, 918; *Crawford v Marcello, supra,* at 908). In addition, plaintiff testified that his injury rendered him unable to participate in recreational activities that he enjoyed prior to the accident (*see, Diglio v Gray Dorchester Assocs., supra,* at 912; *see also, DeLany v State of New York,* 256 AD2d 1135, 1136). In light of that proof, the verdict that plaintiff is entitled to no damages for future pain and suffering is also contrary to the weight of the evidence (*see, Bailey v Wood,* 256 AD2d 846, 847).

We reject the contention of third-party defendant that plaintiffs were required to raise their challenges to the verdict prior to the jury's discharge. Although the alleged inconsistency of a verdict must be raised before the jury is discharged to preserve that issue for appellate review (*see, McEwen v*

*Akron Fire Co.,* 251 AD2d 1044; *Greene v Xerox Corp.,* 244 AD2d 877, *lv denied* 91 NY2d 809), a motion to set aside the verdict as contrary to the weight of the evidence is timely if made "within fifteen days after decision, verdict or discharge of the jury" (CPLR 4405). (Appeals from Order of Supreme Court, Wayne County, Sirkin, J.—Set Aside Verdict.) Present—Green, J. P., Pine, Hayes and Kehoe, JJ.