■ Peter Hornicek, Appellant, v Paul F. Yonchik et al., Respondents. [726 NYS2d 790] —Spain, J. Appeals (1) from a judgment of the Supreme Court (LaBuda, J.), entered June 12, 2000 in Sullivan County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered May 16, 2000 in Sullivan County, which denied plaintiff's motion to set aside the verdict.

Defendants were found liable, on plaintiff's motion for summary judgment, for injuries sustained by plaintiff when he was bitten by their dog. During the jury trial on the issue of damages, plaintiff testified that defendants' dog bit him on his upper left inner thigh and left buttocks. According to plaintiff, he did not immediately realize that he had been bitten, but felt a pinch and saw some blood. He testified, however, that he began to experience pain as he walked home. He was taken to the emergency room where he was given a tetanus shot and a shot of Novocain so that the wound could be trimmed, stitched and bandaged. Plaintiff also testified that, for three days following the incident, he walked with pain and remained in bed. Plaintiff saw his physician on two occasions related to the injury, once because a stitch pulled and again to have the stitches removed.

With regard to permanent injury, plaintiff revealed his scar to the jury and testified that he has no feeling in the four by six-inch scarred area on his left thigh but occasionally experiences itching in that area. Medical evidence was introduced to prove that the scarring is permanent and could not be fully corrected by plastic surgery. According to plaintiff's testimony, the scar ordinarily is concealed by his clothing, but is visible when he does certain exercises at the gym. By plaintiff's admission, at the time of trial he felt no pain and had lost no flexibility or strength as a result of the injury.

The jury awarded plaintiff $750 for past pain and suffering and nothing for future pain and suffering. Supreme Court denied plaintiff's motion to set aside or increase the verdict and entered judgment accordingly. On plaintiff's appeal, we affirm.

"The amount of damages to be awarded is primarily a question of fact for the jury whose determination is accorded

considerable deference [citation omitted]" (*Karney v Arnot-Ogden Mem. Hosp.*, 251 AD2d 780, 782, *lv dismissed* 92 NY2d 942). Indeed, a jury award should be set aside as inadequate only "if it deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, Kahl v MHZ Operating Corp.*, 270 AD2d 623, 624) and where " 'the evidence so preponderate[s] in [plaintiff's] favor that the verdict could not have been reached on any fair interpretation of the evidence' " (*Britvan v Plaza at Latham*, 266 AD2d 799, 800, quoting *Seargent v Berben*, 235 AD2d 1024, 1025). "Here, viewing like cases and according Supreme Court appropriate deference due to its superior position of being able to observe the evidence first hand and assess its effect upon the case [citations omitted]" (*Kahl v MHZ Operating Corp.*, *supra*, at 624; *see, Douglass v St. Joseph's Hosp.*, 246 AD2d 695, 697), we conclude that the jury's verdict was properly upheld.

With respect to the award for past pain and suffering, the record amply supports the conclusion that plaintiff's injuries were minimal, requiring only a few stitches and resulting in no complications. It was also reasonable for the jury to conclude that he suffered little pain, given the fact that he was at first unaware that he had been bitten and his admission that he never required any pain medication. Furthermore, with regard to future pain and suffering, the only evidence submitted by plaintiff was the fact that he is permanently scarred and experiences some itching. No medical testimony was submitted to support any claim of lasting physical impairment or psychological trauma (*cf., Beckwith v Rute*, 235 AD2d 892, 894). Although in some cases a plaintiff's distress over a disfigurement, alone, can support an award for future suffering (*see, e.g., Olsen v City of Schenectady*, 214 AD2d 869 [facial scarring]), not every scar will result, per se, in an award based on future suffering. Indeed, the issue of whether a disfigurement impacts a particular plaintiff in a manner which calls for a damage award is a question of fact, which turns in part on the nature of the scar and the credibility of the plaintiff in describing the impact of the disfigurement (*see, Paolini v Sienkiewicz*, 278 AD2d 858). Here the jury—confronted with the fact that plaintiff experienced no lasting limitation related to the injury or residual pain (*cf., Diglio v Gray Dorchester Assocs.*, 255 AD2d 911, 912) and that the scar is in a location that is not readily visible, and having had the opportunity to observe the scar and to hear plaintiff describe his injury (*see, Beck v Woodward Affiliates*, 226 AD2d 328, 331; *Artis v City of New York*, 183 AD2d 685, 686)—reasonably concluded that plaintiff is not entitled to an award for damages related to future pain and suffering (*see*,

*Ordway v Columbia County Agric. Socy.*, 273 AD2d 635, 637; *Faas v State of New York*, 249 AD2d 731, 732).

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment and order are affirmed, with costs.