■ JOANNE INZINNA et al., Appellants, v BRINKER RESTAURANT CORPORATION, Doing Business as CHILI'S RESTAURANT, Respondent. (Appeal No. 1.) [754 NYS2d 615] —Appeal from an order of Supreme Court, Erie County (Sconiers, J.), entered June 27, 2002, which, inter alia, denied plaintiffs' motion to set aside the verdict and for a new trial on damages.

■ JOANNE INZINNA et al., Appellants, v BRINKER RESTAURANT CORPORATION, Doing Business as CHILI'S RESTAURANT, Respondent. (Appeal No. 2.) [754 NYS2d 495] —Appeal from a judgment of Supreme Court, Erie County (Sconiers, J.), entered July 2, 2002, which awarded plaintiffs a money judgment upon a verdict.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting in part plaintiffs' motion to set aside the verdict and vacating the verdict with respect to damages for past pain and suffering, future pain and suffering, future medical expenses and loss of services and consortium and as modified the judgment is affirmed without costs, and a new trial is granted with respect to those elements of damages only.

Memorandum: Plaintiffs commenced this action to recover

damages for injuries sustained by Joanne Inzinna (plaintiff) when she slipped and fell on grease on the floor of defendant's restaurant. Defendant admitted liability and a jury trial was conducted on damages. Supreme Court properly denied that part of plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence with respect to the jury's failure to award damages for plaintiff's past and future lost wages. In view of the evidence that plaintiff's lost wages are the result of factors unrelated to the accident, we cannot conclude that the verdict awarding no damages for past and future lost wages "could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [internal quotation marks omitted]). We agree with plaintiffs, however, that the court erred in denying those parts of their motion seeking to set aside the verdict as against the weight of the evidence with respect to the award of damages for plaintiff's past pain and suffering and the failure to award damages for plaintiff's future pain and suffering and future medical expenses or on the derivative cause of action. Plaintiffs presented uncontroverted medical and nonmedical evidence that plaintiff sustained painful injuries to her ankle, wrist and shoulder. In addition, plaintiffs presented evidence that the injury to plaintiff's wrist required two surgical procedures and that plaintiff underwent painful physical therapy for each of her injuries. In light of that evidence, we conclude that the award of $25,000 for plaintiff's past pain and suffering is inadequate and could not have been reached upon any fair interpretation of the evidence (*see Simmons v Dendis Constr.*, 270 AD2d 919, 920; *Wroblewski v National Fuel Gas Distrib. Corp.*, 247 AD2d 917, 918). With respect to plaintiff's future pain and suffering, plaintiffs presented uncontroverted medical evidence that the injury to plaintiff's wrist will continue to cause plaintiff pain and weakness and that the injury to her shoulder will cause her to experience restrictions in movement on a long-term basis. Thus, we further conclude that the failure to award damages for plaintiff's future pain and suffering is against the weight of the evidence (*see Sperduti v Mezger*, 283 AD2d 1018, 1019; *Simmons*, 270 AD2d at 920). With respect to plaintiff's future medical expenses, plaintiffs presented uncontroverted medical evidence that plaintiff will continue to require physical therapy, and thus the failure to award damages for plaintiff's future medical expenses is also against the weight of the evidence (*see Grasso v American Brass Co.*, 212 AD2d 994). In addition, the court erred in limiting plaintiffs' evidence regarding plaintiff's future pain and suffering and future medical expenses by excluding the

testimony of plaintiff's treating physician with regard to plaintiff's need for future surgery. Finally, in view of the evidence of the impact of plaintiff's injuries on the household and the marriage, the jury's failure to award plaintiff's husband damages on the derivative cause of action also is against the weight of the evidence (*see Simmons*, 270 AD2d at 920).

We therefere modify the judgment by granting in part plaintiffs' motion to set aside the verdict and vacating the verdict with respect to damages for past pain and suffering, future pain and suffering, future medical expenses and loss of services and consortium, and we grant a new trial with respect to those elements of damages only. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Lawton, JJ.