■ ANGELO GRIGOLI, Respondent, v THOMAS PASSANTINO, Appellant. [790 NYS2d 161]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated June 17, 2003, which granted the plaintiff's motion to set aside so much of a jury verdict as awarded the plaintiff damages in the sum of $15,000 for past pain and suffering and the sum of $0 for future pain and suffering for a cervical fracture and as found that the plaintiff did not sustain a significant limitation of the use of a body function or system or a permanent limitation of use of a body organ or member with respect to a disc herniation as a result of an automobile accident, and granted a new trial unless the defendant stipulated to increase the award for past pain and suffering for the cervical fracture from the sum of $15,000 to the sum of $50,000, increase the award for future pain and suffering for the cervical fracture from the sum of $0 to the sum of $30,000, increase the award for past pain and suffering for the disc herniation from the sum of $0 to the sum of $60,000, and increase the award for future pain and suffering for the disc herniation from the sum of $0 to the sum of $90,000.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting the provision thereof granting that branch of the plaintiff's motion which was to set aside that portion of the verdict which found that he did not sustain a significant limitation of the use of a body function or system or a permanent limitation of use of a body organ or member with respect to a disc herniation as a result of the automobile accident and ordering a new trial on the issue of damages unless the defendant stipulated to increase the awards for past and future pain and suffering for the disc herniation, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly set aside the damages verdict insofar as the jury awarded the plaintiff the sum of only $15,000 for past pain and suffering and $0 for future pain and suffering for a cervical fracture. The damages were inadequate to the extent indicated, in that they deviated materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Ramos v Ramos,* 234 AD2d 439, 440 [1996]; *Chase v City of New York,* 233 AD2d 474 [1996]).

However, we agree with the defendant that a fair interpretation of the evidence supports the verdict that the plaintiff did not sustain a herniated disc. Thus, the Supreme Court erred in

setting aside, as against the weight of the evidence, that portion of the damages verdict which found that the plaintiff did not sustain a significant limitation of the use of a body function or system or a permanent limitation of use of a body organ or member as a result of the automobile accident (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *Nicastro v Park,* 113 AD2d 129 [1985]). Schmidt, J.P., Adams, Santucci and Luciano, JJ., concur.