■ IRIS WELLINGTON, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendant. [913 NYS2d 199]—

Order, Supreme Court, Bronx County (Geoffrey D. Wright, J.), entered October 1, 2009, which, in an action for personal injuries sustained in a collision between a public bus in which plaintiff was a passenger and a minivan driven by defendant Bhalerao, granted the motion of defendants-respondents Transit Authority and bus driver to set aside, as against the weight of the evidence, the jury's apportionment of liability 70% against the Transit Authority and bus driver and 30% against Bhalerao, and directed a new trial on the issue of liability, unanimously affirmed, without costs.

The court correctly found that, based on the photographic evidence, the jury's apportionment of liability could not have been reached upon any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *McDermott v*

*Coffee Beanery, Ltd.*, 9 AD3d 195, 205-207 [2004]). The photographs, which show that the bus's front bumper was pushed forward and that the minivan's driver's side paneling was pulled back, clearly indicate that at the time of contact, the minivan was moving forward while attempting to make a left turn in front of the bus, and that the bus was either stopped or moving very slowly. Thus, the photos establish that the bus driver could not have been 70% at fault for the accident. Concur—Gonzalez, P.J., Catterson, Acosta, Richter and Abdus-Salaam, JJ.