# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**384**
**CA 10-01140**
PRESENT: CENTRA, J.P., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

DEWEY R. BARROW AND LISA M. BARROW,
PLAINTIFFS-RESPONDENTS,

               V                         MEMORANDUM AND ORDER

D.L. GORDON DUBOIS AND PAUL D. DUBOIS,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

HORIGAN, HORIGAN & LOMBARDO, P.C., AMSTERDAM (JAMES A. LOMBARDO OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

CALLI, CALLI & CULLY, UTICA (HERBERT J. CULLY OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

------------------------------------------------------------------------

     Appeal from a judgment of the Supreme Court, Oneida County
(Anthony F. Shaheen, J.), entered December 11, 2009 in a personal
injury action. The judgment awarded plaintiffs money damages upon a
jury verdict.

     It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

     Memorandum: Plaintiffs commenced this action to recover damages
for injuries sustained by Dewey R. Barrow (plaintiff) when the motor
vehicle in which he was a passenger struck a tree after being forced
off the road by a vehicle owned by defendant D.L. Gordon Dubois and
driven by defendant Paul D. Dubois. The issue of liability was
resolved in favor of plaintiffs, and a jury trial on the issue of
damages was conducted. At the close of plaintiffs' proof, defendants
moved for judgment as a matter of law pursuant to CPLR 4401 on the
ground that plaintiffs failed to establish a prima facie case that
plaintiff sustained a serious injury pursuant to Insurance Law § 5102
(d) within the only remaining category before the jury, i.e., the
90/180-day category of serious injury, and Supreme Court denied
defendants' motion. The jury ultimately found, inter alia, that
plaintiff sustained a serious injury under the 90/180-day category and
awarded plaintiffs damages for pain and suffering in the amount of
$115,000. The court denied defendants' post-trial motion to set aside
the verdict as against the weight of the evidence. We affirm.

     We note at the outset that it is well established in the Fourth
Department that resolution of the issue of liability necessarily
includes a determination that plaintiff sustained a serious injury

(*see Ruzycki v Baker,* 301 AD2d 48, 51-52).  We thus are constrained to conclude, based on defendants' motion pursuant to 4401 for judgment as a matter of law on the ground that plaintiff did not sustain serious injury, that only the issue of negligence had previously been decided in plaintiffs' favor, and that the case proceeded to trial on the issues of liability and damages.

We conclude that the court did not err in denying defendants' motion for judgment as a matter of law pursuant to CPLR 4401 on the issue of whether plaintiff sustained a serious injury in the motor vehicle accident.  In order to grant such a motion, the trial court must find that, "upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556; *see Cummings v Jiayan Gu*, 42 AD3d 920, 921).  In determining such a motion pursuant to CPLR 4401, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in [the] light most favorable to the nonmovant" (*Szczerbiak*, 90 NY2d at 556).  Pursuant to Insurance Law § 5102 (d), "[t]o qualify as a serious injury under the 90/180-day category, there must be objective evidence of a medically determined injury or impairment of a non-permanent nature . . . as well as evidence that plaintiff's activities were curtailed to a great extent by that injury" (*Zeigler v Ramadhan*, 5 AD3d 1080, 1081 [internal quotation marks omitted]; *see Licari v Elliott*, 57 NY2d 230, 236).  Here, "there was abundant evidence that plaintiff's activities were curtailed to a great degree for the requisite period of time following the motor vehicle accident" (*Cummings*, 42 AD3d at 921).  Contrary to defendants' contention, the record contains the requisite evidence that plaintiff sustained a serious injury that was caused by the accident.  A nurse practitioner diagnosed plaintiff as having sustained a cervical strain in the accident, and that diagnosis was supported by the nurse practitioner's observations that plaintiff had a limited range of motion in his neck and by objective evidence of crepitus in plaintiff's neck (*see Guerra v Fuez*, 145 AD2d 873, 873-874).

We further conclude that the court properly denied defendants' motion to set aside the verdict as against the weight of the evidence, inasmuch as it cannot be said that "the evidence so preponderated in favor of the [defendants] that [the verdict] could not have been reached on any fair interpretation of the evidence" (*Jaquay v Avery,* 244 AD2d 730, 731; *see* CPLR 4404 [a]; *Lolik v Big V Supermarkets*, 86 NY2d 744, 746).  Here, the jury's verdict in favor of plaintiffs was based on a fair interpretation of the evidence (*see generally Cummings*, 42 AD3d at 923).

Finally, we cannot agree with defendants that the award of $115,000 for past pain and suffering deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Ellis v Emerson*, 57 AD3d 1435, 1436-1437; *Gehrer v Eisner*, 19 AD3d 851, 852-853; *Osiecki v Olympic Regional Dev. Auth.*, 256 AD2d 998).  The evidence, viewed in the light most favorable to plaintiffs, established that plaintiff sustained a cervical strain that resulted in, inter alia,

chronic neck pain and headaches, limited range of motion in his neck, as well as difficulty in sleeping and in walking.  In addition, the injury prevented plaintiff from returning to work for several months, and plaintiff was unable to enjoy many of the activities that he previously enjoyed, such as hunting, shooting, and attending his son's sporting events.