Appeal from a judgment of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered March 7, 2013. The judgment, among other things, awarded plaintiff money damages as against defendant.
It is hereby ordered that the judgment so appealed from is reversed on the law without costs and a new trial is granted.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from a wobbly ladder while painting the kitchen walls of a nursing home owned by defendant. The case proceeded to trial, and a jury found in favor of plaintiff and awarded damages to him.
Plaintiff contends that Supreme Court erred in denying his motion seeking partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim, and that contention is properly before us on defendant’s appeal from the final judgment (see Crapsi v South Shore Golf Club Holding Co., Inc., 19 AD3d 1024, 1026 [2005], lv denied 5 NY3d 711 [2005]). We reject that contention. Where a plaintiff’s own actions are the sole proximate cause of his injuries, there is no liability under Labor Law § 240 (1) (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]). Thus, there is no liability under the statute when the evidence establishes that a “plaintiff had adequate safety devices available; that he knew both that they were available and that he was expected to use them; that he chose for no *1391 good reason not to do so; and that had he not made that choice he would not have been injured” (Cahill, 4 NY3d at 40; see Gallagher v New York Post, 14 NY3d 83, 88 [2010]). In support of his motion, plaintiff failed to establish that his decision to use a ladder that he knew was defective instead of another available ladder was not the sole proximate cause of his injuries (see Robinson, 6 NY3d at 554-555).
We reject defendant’s contention that the court erred in denying its trial motion for judgment as a matter of law pursuant to CPLR 4401 on the Labor Law §§ 240 (1) and 241 (6) claims. Defendant argued that plaintiff had not been engaged in a protected activity under Labor Law §§ 240 (1) and 241 (6) at the time of his fall. Labor Law § 240 (1) applies to owners and contractors and their agents “in the . . . painting ... of a building or structure,” and the painting need not be incidental to construction (see Cornacchione v Clark Concrete Co. [appeal No. 2], 278 AD2d 800, 801 [2000]; see also Soodin v Fragakis, 91 AD3d 535, 535-536 [2012]). Labor Law § 241 (6) applies to “construction, excavation or demolition work.” In determining what is construction work within the meaning of the statute, courts look to the definition of such in the Industrial Code (see 12 NYCRR 23-1.4 [b] [13]; see also Joblon v Solow, 91 NY2d 457, 466 [1998]), which includes painting (see Pittman v S.P. Lenox Realty, LLC, 91 AD3d 738, 739 [2012]).
In its trial motion for judgment as a matter of law pursuant to CPLR 4401, defendant also argued that plaintiff had not been exposed to an elevation-related risk during the work, and that plaintiff’s actions were the sole proximate cause of his injuries. “Viewing the evidence in [the] light most favorable to . . . plaintiff and affording him the benefit of every favorable inference, we conclude that the evidence adduced at trial provided a rational basis upon which the jury could have determined” that a ladder was required for plaintiff to carry out his assigned task (Sung Kyu-To v Triangle Equities, LLC, 84 AD3d 1058, 1060 [2011]; see Barrow v Dubois, 82 AD3d 1685, 1686 [2011]; cf. Broggy v Rockefeller Group, Inc., 8 NY3d 675, 681-682 [2007]), and that plaintiff’s actions were not the sole proximate cause of his injuries (cf. Robinson, 6 NY3d at 554-555). We reject defendant’s further contention that the verdict is against the weight of the evidence (see Barrow, 82 AD3d at 1686; see generally Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]).
We agree with defendant, however, that the court erred in failing to give an expanded sole proximate cause charge to the jury, and we conclude that the error requires reversal of the *1392 judgment and a new trial. By way of background, we note that, following discovery, defendant had cross-moved for summary judgment dismissing, inter alia, the Labor Law § 240 (1) claim on the ground that plaintiffs choice to use a wobbly ladder when other ladders were available was the sole proximate cause of his injuries, and the court denied that part of the cross motion. As noted above, defendant subsequently moved during trial for judgment as a matter of law pursuant to CPLR 4401 on the ground that plaintiffs choice of ladder was the sole proximate cause of his injuries. In denying that motion, the court held that plaintiffs choice of ladder could not be the sole proximate cause of his injuries unless he had been told to use another safety device and had ignored that directive. That was an incorrect statement of the law inasmuch as it is not necessary that a plaintiff be told to use another safety device. Rather, there will be no liability imposed on a defendant if the defendant establishes that the plaintiff knew he should use another safety device and knew that such was available at the job site, but chose not to use it (see Robinson, 6 NY3d at 554-555; Montgomery v Federal Express Corp., 4 NY3d 805, 806 [2005]).
At the time the parties discussed the jury charge, defendant did not request the recalcitrant worker charge under PJI 2:217.2 or an expansion of 2:217 to include a more detailed sole proximate cause defense; however, the parties immediately thereafter discussed the verdict sheet, and defendant objected to the first question, which asked “[d]id the ladder used by the plaintiff fail to provide proper protection under Labor Law 240 (1)?” Defendant argued that there should “be a question regarding the sole proximate cause and the plaintiff being the sole proximate cause that is not included.” The court responded, “sole proximate cause I am not going to charge because if the failure to provide it is a substantial factor, . . . plaintiff’s [conduct] could not be the sole proximate cause” (emphasis added). Defendant objected, arguing that the jury could find that plaintiff had “options available to him that were provided and he just chose not to use it, that is sole proximate cause,” but the court disagreed with defendant “on the law on that.” Again, the court’s view of the sole proximate cause defense was erroneous. As the Court of Appeals held in Robinson, in order for there to be liability under section 240 (1), “the owner or contractor must breach the statutory duty under section 240 (1) to provide a worker with adequate safety devices, and this breach must proximately cause the worker’s injuries. These prerequisites do not exist if adequate safety devices are available at the job site, but the worker either does not use or misuses them” (Robinson, 6 NY3d at 554 [emphasis added]).
*1393 We conclude that defendant’s objections to the verdict sheet adequately preserved for our review the issue now raised on appeal, which is that the jury charge did not adequately convey the principles of the sole proximate cause defense to the jury, i.e., that plaintiffs choice to use the defective ladder when adequate ladders were available could be the sole proximate cause of his injuries. Defendant placed that issue “squarely before the court,” and defendant’s “arguments were sufficient to alert [the] [c]ourt to the relevant question and sufficiently preserved the legal issue for appellate review” (Geraci v Probst, 15 NY3d 336, 342 [2010]; cf. Salazar v Fries & Assoc., 251 AD2d 210, 211 [1998]).
The court’s failure to give an expanded charge with respect to the sole proximate cause defense under the facts of this case resulted in a substantial right of defendant being prejudiced, and thus reversal and a new trial is required (see Nestorowich v Ricotta, 97 NY2d 393, 400 [2002]; see also CPLR 2002). The court gave a charge similar to that set forth in PJI 2:217, and we agree with defendant that the final sentence of that charge did not adequately convey to the jury the sole proximate cause defense raised in this case. That sentence instructed that “[i]f you conclude that the plaintiff in this action was the only substantial factor in bringing about this injury you will find for the defendant on this issue.” Immediately before that sentence, however, the court instructed the jury that “[i]f you find that the ladder was not so constructed, placed, operated and/or maintained, as to give proper protection to plaintiff in the performance of the work and that the construction, placement, operation and/or maintenance of the ladder was a substantial factor in causing plaintiffs injury you will find for plaintiff on this issue” (emphasis added). The charge therefore instructed the members of the jury that they must find for plaintiff and impose liability on defendant if they concluded that the ladder was defective, without allowing them to consider whether plaintiffs choice of that ladder could defeat the imposition of liability on defendant. The court should have charged PJI 2:217.2, or at least a more expansive charge using PJI 2:217 as a foundation, to convey to the members of the jury that they should find defendant not liable if they found that plaintiff knew that there were other safety devices available, that he was expected to use them, and that he chose for no good reason not to do so (see Cahill, 4 NY3d at 40).
In light of our determination, we do not consider defendant’s remaining contentions.
Centra, J.P, Lindley, and Sconiers, JJ., concur.
*1394 Fahey, J., dissents and votes to affirm in the following memorandum.