# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**212**
**CA 16-01264**
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THERESA A. LAMPHRON-READ, PLAINTIFF-RESPONDENT,

V                                            MEMORANDUM AND ORDER

DAVIS MONTGOMERY AND DESMOND J. MONTGOMERY,
DEFENDANTS-APPELLANTS.

---

LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (JEFFREY SENDZIAK OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered March 21, 2016. The order granted plaintiff's motion to set aside the verdict and for a new trial on damages, unless defendants agree to stipulate to increase the award for past pain and suffering to $65,000, and agree to stipulate to an award of $65,000 for future pain and suffering.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries that she sustained when her motor vehicle was struck head-on by a vehicle owned by defendant Davis Montgomery and driven by defendant Desmond J. Montgomery. The issue of liability was resolved by Supreme Court in favor of plaintiff, and a jury trial on the issue of damages was conducted. The jury awarded plaintiff $25,000 for past pain and suffering, but made no award for future pain and suffering.

We conclude that the court properly granted plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict with respect to damages as against the weight of the evidence. Plaintiff sustained fractures of the transverse processes of her thoracic spine at vertebrae T-5 to T-9, an L-1 left-sided transverse process fracture of her lumbar spine, and a C-4 vertebral fracture of her cervical spine. It is undisputed that plaintiff was in significant pain as a result of her injuries, was hospitalized for a week, and was unable to perform most daily activities without assistance for a couple weeks after her return home (*see e.g. Simmons v Dendis Constr.*, 270 AD2d 919, 920). Plaintiff was required to wear a cervical collar brace and a Thoracic-Lumbar-Sacral Orthosis (TLSO) for three months (*see e.g. Stewart v Manhattan & Bronx Surface Tr. Operating Auth.*, 60 AD3d 445, 446; *Pares*

*v LaPrade* [appeal No. 2], 266 AD2d 852, 853), and those devices immobilized plaintiff "[a]s much as [one could] be without any type of surgery" (*see e.g. Bouzas v Kosher Deluxe Rest.*, 83 AD3d 538, 538). Plaintiff was unable to walk, sit, or stand for prolonged periods without aggravating her back pain (*see e.g. Deyo v Laidlaw Tr.*, 285 AD2d 853, 854; *Diglio v Gray Dorchester Assoc.*, 255 AD2d 911, 912; *Wroblewski v National Fuel Gas Distrib. Corp.*, 247 AD2d 917, 917). Even routine actions, such as carrying groceries or mowing the lawn, caused her pain and required her to stop and rest (*see e.g. Wroblewski*, 247 AD2d at 917). Plaintiff's ability to engage in home improvement projects, recreational activities, and long-distance visits with her family has been curtailed (*see e.g. Barrow v Dubois*, 82 AD3d 1685, 1687; *Palmer v CSX Transp., Inc.* [appeal No. 2], 68 AD3d 1626, 1627; *Simmons*, 270 AD2d at 920; *Diglio*, 255 AD2d at 912), and her pain has also interfered with her ability to sleep (*see e.g. Barrow*, 82 AD3d at 1687).

Plaintiff's independent medical examiner, a board certified orthopedic surgeon, testified that plaintiff's neck and lower back pain had subsided and no longer required treatment. It was uncontroverted, however, that plaintiff's thoracic spine fractures caused permanent paraspinal muscular injuries, resulting in chronic activity-related back pain for which there was no available remedy (*see e.g. Simmons*, 270 AD2d at 920; *Scott v Yurkewecz*, 234 AD2d 673, 675; *see generally Inzinna v Brinker Rest. Corp.* [appeal No. 2], 302 AD2d 967, 968). The orthopedic surgeon also testified that plaintiff's subjective descriptions of pain were consistent with her injuries (*see e.g. Wroblewski*, 247 AD2d at 918), and that the type of compressive force necessary to cause her multiple fractures had to have been "significant." We note that, although plaintiff was examined by a physician chosen by the defense, defendants did not present the testimony of that physician or any other medical expert (*see e.g. Beckwith v Rute*, 235 AD2d 892, 894).

In light of the uncontroverted evidence that plaintiff suffered substantial pain from seven vertebral fractures, was temporarily immobilized, has continued to suffer pain from daily activities, and has been limited in her enjoyment of recreational activities, we conclude that the award of $25,000 for plaintiff's past pain and suffering "is inadequate and could not have been reached upon any fair interpretation of the evidence" (*Inzinna*, 302 AD2d at 968). Moreover, given the uncontroverted medical testimony that plaintiff continues to suffer from permanent and chronic activity-related pain that is causally related to this motor vehicle accident, the failure to award damages for plaintiff's future pain and suffering is also against the weight of the evidence (*see Inzinna*, 302 AD2d at 968; *Scott*, 234 AD2d at 675; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746). We further conclude that the court properly determined in the alternative that the award of $25,000 for plaintiff's past pain and suffering and the failure to award any damages for future pain and suffering deviates materially from what would be reasonable compensation (*see Barrow*, 82 AD3d at 1686-1687; *Grigoli v Passantino*,

15 AD3d 349, 350; *Trala v Egloff*, 298 AD2d 878, 880).