Court, Purple, Jr., J.—Custody.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.

■ RICHARD D. MURRAY et al., Appellants, v MICHAEL MAKEY, Individually and as Administrator of the Estate of PETRINA D. MAKEY, Deceased, Respondent. (Appeal No. 1.) [646 NYS2d 489] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Set Aside Verdict.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.

■ RICHARD D. MURRAY et al., Appellants, v MICHAEL MAKEY, Individually and as Administrator of the Estate of PETRINA D. MAKEY, Deceased, Respondent. (Appeal No. 2.) [645 NYS2d 680] —Judgment unanimously reversed on the law without costs and new trial granted on damages for past and future pain and suffering only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the verdict to $50,000 for past pain and suffering and $100,000 for future pain and suffering, in which event the judgment is modified accordingly and as modified affirmed without costs. Memorandum: We conclude that the jury's awards of $20,000 for past pain and suffering and $15,000 for future pain and suffering deviate materially from what would be reasonable compensation (*see*, CPLR 5501 [c]). Richard D. Murray (plaintiff) fractured the fibular shaft and medial malleolus of his right ankle, requiring open reductive surgery and the insertion of an orthopedic screw and pin. It was uncontroverted that the ankle would continue to be painful and swollen and that plaintiff would be unable to engage in the athletic activities he enjoyed prior to the accident or to perform his job as an electrician without discomfort. In our view, awards of $50,000 for past pain and suffering and $100,000 for future pain and suffering would be reasonable compensation for plaintiff's injuries.

We have examined plaintiffs' remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Joslin, J.—Negligence.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.

■ ESSEX INSURANCE COMPANY, Appellant, v T-BIRDS NIGHTCLUB & RESTAURANT, INC., et al., Respondents. [645 NYS2d 218] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly directed plaintiff to defend T-Birds Nightclub & Restaurant, Inc. (defendant), its insured, in the underlying personal injury action. "An insurer must