■ PATRICIA A. O'ROURK et al., Plaintiffs, v ROBERT J. BERNER et al., Defendants. ROBERT J. BERNER et al., Third-Party Plaintiffs-Appellants, v SUSAN O'ROURK, Third-Party Defendant-Respondent. (Appeal No. 1.) [672 NYS2d 216] —Judgment unanimously affirmed without costs. Memorandum: This personal injury action arises from a motor vehicle accident on May 24, 1993 that was caused by defendant Robert J. Berner's failure to yield the right of way to third-party defendant. Dismissal of the third-party complaint is not against the weight of the evidence in view of the proof that third-party defendant had no opportunity to avoid the accident. We therefore affirm the judgment dismissing the third-party complaint.

The jury verdict awarding Patricia A. O'Rourk (plaintiff) $120,000 for future pain and suffering based upon a life expectancy of six years does not deviate materially from what would be reasonable compensation (see, Zavurov v City of New York, 241 AD2d 491; Semel v Klein, 233 AD2d 492, 493; Murray v Makey [appeal No. 2], 229 AD2d 919; Fenocchi v City of Syracuse, 216 AD2d 864, 864-865). Plaintiff, aged 59, was a passenger in third-party defendant's motor vehicle and sustained five rib fractures, an open fracture of the right tibia and fibula, a comminuted fracture of the left ankle and a fracture of the right foot. She had reductions of her right leg, trimalleor fractures and a bone graft. We reject plaintiffs' contention that the jury's finding regarding plaintiff's life expectancy is against the weight of the evidence. Proof of plaintiff's physical condition supports the jury's finding that plaintiff's life expectancy is less than the statistical average of 23 years (see, Blyskal v Kelleher, 171 AD2d 718, 719; see also, PJI 2:281).

The jury's failure to award plaintiff husband any damages on his derivative cause of action is against the weight of the evidence (see, Lolik v Big V Supermarkets, 86 NY2d 744). It is uncontroverted that, when plaintiff was released from the hospital on July 2, 1993, she was in a cast, required a wheelchair and slept in a hospital bed apart from her husband,

who was responsible for her care. Plaintiff returned to the hospital on August 27, 1993 for five days for further surgery, and upon her release had difficulty walking. During her extended recuperation, plaintiff husband did the laundry, shopping, cooking and cleaning. We therefore modify the judgment in appeal No. 5 by vacating the fifth decretal paragraph, and we grant a new trial on the derivative cause of action only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to pay plaintiff John R. O'Rourk $20,000 on the derivative cause of action (*see, Zavurov v City of New York, supra*).

Finally, Supreme Court erred in awarding prejudgment interest pursuant to CPLR 5002 after defendants made an unconditional tender of the verdict amount with interest on October 10, 1996 (*see, Meiselman v Allstate Ins. Co.*, 197 AD2d 561). Upon the unconditional tender of the verdict amount with interest, defendants no longer had the use of plaintiff's money (*see, Love v State of New York*, 78 NY2d 540, 544), and plaintiff received what was due her (*see, Gonzalez v City of New York*, 148 AD2d 668, 673-674, *lv denied* 74 NY2d 608). We therefore reverse the order insofar as appealed from in appeal No. 6 by vacating the award of prejudgment interest from October 11, 1996 until December 18, 1996. (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Dismiss Pleading.) Present—Denman, P. J., Pine, Wisner, Callahan and Fallon, JJ.