■ RICHARD LaPORT, Individually and as Parent and Natural Guardian of RICHARD D. LaPORT, JR., an Infant, Appellant, v VIJAY BOJEDLA, Respondent. [691 NYS2d 826] —Judgment unanimously reversed on the law without costs and new trial granted on damages for past pain and suffering only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the verdict to

$85,000 for past pain and suffering, in which event the judgment is modified accordingly and as modified affirmed without costs. Memorandum: The contention of plaintiff that he was denied a fair trial by prejudicial comments by defendant's attorney during summation is unpreserved for our review (*see, Hitchcock v Best,* 247 AD2d 769). Plaintiff further contends that the award of damages for past pain and suffering of his son Richard and the failure to award damages to Richard for future pain and suffering deviate materially from what would be reasonable compensation. While standing in the road, Richard was struck by an automobile driven by defendant. Richard sustained fractures of his left arm and two bones in his left ankle. He had a closed reduction procedure two days after the accident and had at least two different leg casts and a full arm cast. He also sustained hairline fractures of his pubic bones and experienced a seizure when he first arrived at the hospital after the accident. He was hospitalized for one week and did not return to school for two months.

We conclude that the award of $15,000 for past pain and suffering deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Faulise v Trout,* 254 AD2d 755; *Crawford v Marcello,* 247 AD2d 907; *Murray v Makey* [appeal No. 2], 229 AD2d 919). We further conclude, however, that the failure to award damages for future pain and suffering is supported by a fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *cf., Crawford v Marcello, supra*). Richard was last treated by his physician more than two years before the trial commenced. The physician testified that Richard's fractures had healed completely. Although Richard complained of pain in his knee, there was evidence that the knee injury was not related to the accident. We reverse the judgment, therefore, and grant a new trial on damages for past pain and suffering only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the verdict to $85,000 for past pain and suffering, in which event the judgment is modified accordingly and as modified affirmed. (Appeal from Judgment of Supreme Court, Niagara County, Fahey, J.—Negligence.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.