■ MELINDA M. MILLER et al., Respondents, v THOMAS G. REYNOLDS et al., Appellants. [747 NYS2d 873] —Appeal from an order of Supreme Court, Oswego County (McCarthy, J.), entered June 13, 2001, which granted plaintiffs' motion, set aside the verdict with respect to damages and ordered a new trial on damages for past pain and suffering only unless the parties stipulated to increase the verdict to $45,000.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the verdict with respect to damages is reinstated.

Memorandum: Melinda M. Miller (plaintiff) injured her left shoulder in an automobile accident, and plaintiffs commenced

this action seeking damages for, inter alia, her pain and suffering resulting from that injury. The jury found that plaintiff had sustained a medically determined injury or impairment of a nonpermanent nature that prevented her from performing substantially all of the material acts that constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (*see* Insurance Law § 5102 [d]) and awarded her $10,000 for past pain and suffering. We agree with defendants that the jury's award of damages does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Sperduti v Mezger,* 283 AD2d 1018, 1020; *Jaked v Torncello,* 201 AD2d 819; *Countermine v Galka,* 189 AD2d 1043, 1044-1046) and that Supreme Court therefore erred in granting plaintiffs' motion, setting aside the verdict with respect to damages and ordering a new trial on damages for past pain and suffering only unless the parties stipulated to increase the verdict to $45,000. A jury verdict should not be set aside as against the weight of the evidence "unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga,* 191 AD2d 963, 964; *see Lolik v Big V Supermarkets,* 86 NY2d 744, 746). Here, plaintiff testified that she has pain and limited mobility as a result of the injury to her shoulder, but has not required surgery. Although there was conflicting medical evidence at trial, the jury found that plaintiff did not sustain a fracture to her collarbone, and it cannot be said that the verdict with respect to damages could not have been reached upon any fair interpretation of the evidence. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.