■ SAMUEL DiSALVO et al., Respondents, v CARRIE A. HILLER et al., Appellants. [770 NYS2d 221]—

Appeals from an order of Supreme Court, Erie County (Drury, J.), entered September 17, 2002, which granted plaintiffs' motion to set aside the jury verdict finding that defendant Carrie A. Hiller was not negligent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the verdict is reinstated.

Memorandum: Defendants appeal from an order granting plaintiffs' motion pursuant to CPLR 4404 seeking to set aside the jury verdict finding that Carrie A. Hiller (defendant) was not negligent with respect to a motor vehicle accident wherein a vehicle driven by Samuel DiSalvo (plaintiff) struck a vehicle driven by defendant, and owned by defendant Jim Culligan, Inc. while defendant was making a left-hand turn in front of plaintiff's vehicle. Supreme Court erred in determining that the verdict is against the weight of the evidence. Viewing the evidence in the light most favorable to defendants (*see Greene v Frontier Cent. School Dist.,* 214 AD2d 947, 948 [1995]), we conclude that it does not so preponderate in favor of plaintiffs that the verdict could not have been reached upon any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Miller v Reynolds,* 298 AD2d 836, 837 [2002]). It is undisputed that defendant, who was traveling south, attempted to make a left-hand turn at an intersection while plaintiff was traveling north towards the intersection. Defendant testified, however, that the left turn signal on plaintiff's vehicle was activated and that both she and plaintiff "yielded" at the intersection. Defendant further testified that, based upon those observations, she believed that plaintiff was going to execute a left-hand turn at the intersection, and therefore she proceeded to do so as well. Given defendant's testimony, "it cannot be said that the verdict . . . could not have been reached upon any fair interpretation of the evidence" (*Miller,* 298 AD2d at 837). We therefore reverse the order, deny plaintiffs' motion and reinstate the verdict in favor of defendants. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Gorski, JJ.