■ LAURIE M. BIZUB, Appellant, v DARRELL G. BAUMER et al., Respondents. [833 NYS2d 328]—

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered November 18, 2005 in a personal injury action. The order, among other things, denied plaintiff's motion to set aside the jury verdict.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order denying her motion pursuant to CPLR 4404 to set aside the jury verdict

finding that Darrell G. Baumer (defendant) was not negligent and for a directed verdict or, in the alternative, a new trial. Plaintiff commenced this action seeking damages for injuries she sustained when a vehicle driven by plaintiff collided with a tractor-trailer driven by defendant and owned by defendant Mapletree Transportation, Inc. The impact occurred when plaintiff attempted to pull onto the roadway from the shoulder while defendant was making a right-hand turn into a driveway. A witness to the accident testified at trial that the right turn signal on defendant's truck was activated as the truck swung wide to the left to make the right-hand turn into the driveway. Another eyewitness testified that, while defendant's truck was turning, plaintiff's vehicle was on the shoulder of the road alongside defendant's truck, and the eyewitness observed plaintiff's vehicle colliding with the truck.

Contrary to plaintiff's contention, Supreme Court properly denied plaintiff's posttrial motion. There is a valid line of reasoning and permissible inferences based on the evidence at trial that could lead rational persons to the conclusion that defendant was not negligent, and thus plaintiff was not entitled to a directed verdict (see *Guthrie v Overmyer*, 19 AD3d 1169 [2005]). Nor can it be said that the verdict is against the weight of the evidence, because the evidence does not "so preponderate in favor of plaintiff that the verdict could not have been reached upon any fair interpretation of the evidence" (*DiSalvo v Hiller*, 2 AD3d 1386, 1387 [2003]; see *Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Miller v Reynolds*, 298 AD2d 836, 837 [2002]). Present—Martoche, J.P., Smith, Centra, Lunn and Fahey, JJ.