# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**140**
**CA 11-00129**
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

GAIL E. RYE, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

LIFT LINE, INC. AND ROCHESTER GENESEE REGIONAL
TRANSPORTATION AUTHORITY, DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

CELLINO & BARNES, P.C., ROCHESTER (CHARLES F. BURKWIT OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

WOODS OVIATT GILMAN LLP, ROCHESTER (GRETA K. KOLCON OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered April 28, 2010 in a personal injury action. The order denied plaintiff's motion to set aside the jury verdict regarding pain and suffering damages awarded to plaintiff and for a new trial relating to past and future pain and suffering.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the post-trial motion is granted, the verdict is set aside and a new trial is granted on damages for past and future pain and suffering unless defendants, within 30 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the award of damages for past pain and suffering to $45,000 and for future pain and suffering to $15,000, in which event judgment shall be entered accordingly.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained while a passenger on a bus operated by defendants. The incident in question occurred when the bus stopped suddenly and plaintiff was ejected from her wheelchair, causing her to slide head first into a partition located behind the driver's seat. Defendants conceded liability and, after a trial on damages only, the jury awarded plaintiff damages in the amount of $10,000 for past pain and suffering and zero damages for future pain and suffering. We agree with plaintiff that Supreme Court erred in denying her post-trial motion to set aside the verdict and for a new trial on damages inasmuch as the verdict deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Plaintiff's injuries included a slightly displaced fracture of her right femoral medial condyle, i.e., knee joint. The injuries plaintiff sustained in the accident, combined with her preexisting medical conditions, forced her

to spend just over two months in the hospital and a rehabilitation facility.  We therefore reverse the order, grant the post-trial motion and set aside the verdict, and we grant a new trial on damages for past and future pain and suffering, unless defendants, within 30 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the award of damages for past pain and suffering to $45,000 and for future pain and suffering to $15,000, in which event judgment shall be entered accordingly (*see Inya v Ide Hyundai, Inc.*, 209 AD2d 1015; *see also LaPort v Bojedla*, 262 AD2d 1025; *cf. Miller v Reynolds*, 298 AD2d 836).

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court