■ RACHEL BRIDGE CORP., Respondent, v AVI DISHI, Appellant. [752 NYS2d 869] —Judgment, Supreme Court, New York County (Richard Braun, J., and a jury), entered August 28, 2001, declaring in favor of plaintiff landlord and against defendant tenant that, inter alia, the subject commercial lease is in full force and effect and defendant is liable for rent thereunder, and awarding plaintiff $798,096.36, plus interest, costs and disbursements, unanimously affirmed, with costs.

Paragraph 6 of the subject 20-year lease, signed in January

1994, provides in pertinent part that "[u]ntil Lessor is able to deliver the entire premises vacant Lessee's rent obligations and building time shall not commence." The demised premises consisted of space in one building that was still occupied and being used as a parking garage at the time of lease signing, and three spaces in a second building across the street, one of which was still occupied and being used as a grocery store at the time of lease signing. The garage was eventually emptied and delivered to defendant, but eviction proceedings that plaintiff commenced to recover the grocery store were unsuccessful, and that space was not delivered. Plaintiff thereupon recomputed the rent, but defendant made no rent payments, claiming that he was not liable for any rent unless and until the fourth space was delivered. The issue at trial was whether the words "entire premises" as used in paragraph 6 meant all four spaces, as defendant argues, or only the entire parking garage, as plaintiff argues (277 AD2d 176).

There is no merit to defendant's argument that the jury's finding in favor of plaintiff on this issue is against the weight of the evidence, i.e., that the evidence so preponderated in favor of defendant that the verdict could not have been reached on any fair interpretation of the evidence (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746). Among other things, the trial adduced evidence that after the lease signing defendant accepted without objection plaintiff's rent bills and computations, expressed no objections or reservations when informed that the eviction proceedings against the grocery store were unsuccessful, acquiesced to a survey to ascertain the square footage of the garage space, told plaintiff that his rent obligation should begin in November 1994, and first advised plaintiff of his present understanding of paragraph 6 almost three years after the lease signing when his down payment on the rent became exhausted. Except for paragraph 6, there is nothing in the lease itself to indicate an intention to relieve defendant of any rent obligation, during the entire 20-year term of the lease, for the substantial space that was delivered to him. Indeed, the lease states that plaintiff made no representations or warranties concerning "the nature or condition of the Demised Premises, [including their] availability for any particular use." In addition, plaintiff's testimony that paragraph 6, which is titled "Construction of New Stores," dealt only with defendant's plan to build stores on space then configured as a parking garage is altogether consistent not only with the paragraph's title but also with its text.

The trial court properly declined to declare a mistrial where,

in response to a question to a defense witness concerning his purported drafting of a usurious promissory note, defendant's objection was sustained and a curative instruction given to which defense counsel did not object. We have considered defendant's other arguments that various rulings by the trial court and plaintiff's attorney's summation deprived him of a fair trial and find them unavailing. Concur—Nardelli, J.P., Tom, Mazzarelli, Andrias and Saxe, JJ.