■ RACHEL BRIDGE CORP., Respondent, v AVI DISHI, Appellant. [772 NYS2d 302]—

Order and judgment (one paper), Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 2, 2002, which, in an action by a landlord against a tenant to recover the reasonable value of attorneys' fees it incurred in a prior declaratory judgment action it brought to determine the existence and extent of tenant's rent obligation, granted landlord's motion for partial summary judgment on the issue of liability, and for summary judgment dismissing tenant's counterclaim for damages caused by landlord's failure to deliver all of the premises demised in the parties' lease, unanimously affirmed, with costs.

The judgment in the prior action (*Rachel Bridge Corp. v Dishi,* 301 AD2d 409 [2003]) determined that landlord's failure to deliver a portion of the agreed demise did not relieve tenant of his rent obligation, and fixed the amount of that obligation. Tenant's failure to pay that amount, combined with the lease clause providing for tenant's reimbursement of landlord's reasonable attorneys' fees incurred in connection with any default by tenant under the lease, entitles landlord to an award of attorneys' fees. We reject tenant's argument that there could be no default under the lease for nonpayment of rent until the amount of rent for the smaller demise, not determinable from the face of the lease, was determined by litigation. Once tenant learned that landlord, through no fault of its own, could not deliver a portion of the agreed demise, tenant could either re-

fuse to accept the smaller demise, or accept it along with the rent called for in the lease (see *Carnegie Hall v Zysman*, 238 App Div 515, 518-519 [1933]), or accept it along with the reduced rent that landlord computed based on the square footage delivered, and demanded almost as soon as it became clear that it could not deliver the agreed demise. By choosing to remain in possession of the smaller demise, tenant necessarily accepted the reduced rent offered by landlord, a conclusion reflected in the prior judgment. Tenant's counterclaim for damages based on landlord's failure to deliver the agreed demise (see *Carnegie Hall*, 238 App Div at 519), assuming it was not compromised by his acceptance of the smaller leasehold for a lower rent, is time-barred, since it was interposed more than six years after tenant learned that the agreed demise could not be delivered (CPLR 213 [2]). Concur—Tom, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.