■ ELIZABETH RONESS, Respondent-Appellant, v FEDERAL EXPRESS CORPORATION et al., Appellants-Respondents. [726 NYS2d 645] —Judgment, Supreme Court, New York County (Jose Padilla, J.), entered February 13, 2001, which, *inter alia,* upon a jury verdict, awarded plaintiff damages for past pain and suffering in the amount of $1,000,000 and made no award of future damages, unanimously affirmed, without costs.

The trial evidence established that the 43-year-old plaintiff sustained brain injury as a result of being struck and knocked to the ground by a Federal Express truck. Although defendants maintain that the jury verdict as to past pain and suffering is excessive, in view of the extensive medical opinion offered at trial that plaintiff had, in the subject accident, suffered a traumatic brain injury, termed a diffuse axonal injury, which caused post-accident brain-function deficits, we do not find that the jury's award for past pain and suffering materially deviates from reasonable compensation (CPLR 5501 [c]). The jury was free to reject defendants' evidence that plaintiff's post-accident deficits were not accident related, but attributable to alcohol abuse, depression and attention deficit disorder.

Contrary to plaintiff's argument, the verdict as to future damages is not against the weight of the evidence. The evidence as to plaintiff's future pain and suffering and impairment of future earning capacity did not preponderate so greatly in plaintiff's favor that the jury could not have reached a verdict it did, making no award of future damages, on a fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746). While acknowledging that plaintiff suffered a traumatic brain injury, defense witnesses testified that plaintiff's ability to continue working as a psychologist would not be significantly impaired. Concur—Sullivan, P. J., Nardelli, Ellerin, Buckley and Marlow, JJ.