■ JACQUELINE SAWTELLE, Respondent-Appellant, v SOUTH-SIDE HOSPITAL et al., Appellants-Respondents, et al., Defendants. [760 NYS2d 206] —In an action, inter alia, to recover damages for medical malpractice, the defendant Southside Hospital and the defendants New York University Hospital, Eugene S. Flamm, M.D., P.C., and Eugene S. Flamm separately appeal from a judgment of the Supreme Court, Suffolk County (Costello, J.), entered August 14, 2001, which, upon a jury verdict on the issue of liability finding Southside Hospital 70% at fault for the injuries to the plaintiff, New York University Hospital 20% at fault, and Eugene S. Flamm M.D., P.C., and Eugene S. Flamm 10% at fault, and upon a jury verdict on the issue of damages, inter alia, finding that the plaintiff had sustained damages in the sum of $3,000,000 for past pain and suffering, and $5,000,000 for future pain and suffering, is in favor of the plaintiff and against them, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as, in the fourth decretal paragraph subtracted 7½ months of interest from the date of the verdict to the date of the judgment.

Ordered that the judgment is modified, on the law, the facts, and as an exercise of discretion, by (1) deleting from the fourth decretal paragraph thereof the phrase "(less 7½ months)," and (2) deleting the provisions thereof awarding damages for past and future pain and suffering, and a new trial is granted with respect thereto; as so modified, the judgment is affirmed, without costs or disbursements, unless within 30 days after service upon the plaintiff of a copy of this decision and order,

the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $3,000,000 to the sum of $1,250,000, and for future pain and suffering from the sum of $5,000,000 to the sum of $2,000,000, and to the entry of an appropriate amended judgment in her favor; in the event the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed as to damages, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new computation of interest in accordance herewith.

The plaintiff sustained a debilitating stroke following surgery on a cerebral aneurysm. A jury allocated fault after determining that the appellants Southside Hospital, New York University Hospital, and Eugene S. Flamm and his professional corporation departed from good and accepted medical practice and proximately caused the plaintiff's injury by doing one or more of the following: failing to properly examine, failing to properly diagnose, failing to communicate the analyses of test results, or causing the surgery to be delayed.

Contrary to the appellants' contentions, when the evidence is viewed in the light most favorable to the plaintiff, and the plaintiff is accorded the benefit of every reasonable inference (*see Alexander v Eldred,* 63 NY2d 460, 464 [1984]), we find that the jury could have rationally reached this conclusion (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Moreover, the verdict on the issue of liability is supported by a fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]).

However, we find that the awards of damages for past and future pain and suffering deviate materially from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]; *see e.g. Driscoll v New York City Tr. Auth.,* 262 AD2d 271 [1999]; *Angerome v City of New York,* 300 AD2d 423 [2002]).

We also find that the court erroneously subtracted 7½ months from the time period for which the plaintiff is entitled to prejudgment interest (*see* CPLR 5002). The purpose of prejudgment interest is not to penalize a defendant but to insure that a successful plaintiff is indemnified "for the nonpayment of what is due them" (*Love v State of New York,* 78 NY2d 540, 544 [1991], quoting *Trimboli v Scarpaci Funeral Home,* 30 NY2d 687 [1972], *affg* 37 AD2d 386, 389 [1971]). The cause of the delay between verdict and judgment is not the controlling factor (*id.*).

The appellants' remaining contentions are either unpreserved for appellate review or are without merit. Florio, J.P., Friedmann, Cozier and Mastro, JJ., concur.