■ HEATHER COORE, Respondent, v FRANKLIN HOSPITAL MEDICAL CENTER et al., Defendants, and SHARON CASSIDY, M.D., Appellant. [825 NYS2d 463]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J., and a jury), entered June 1, 2005, awarding plaintiff prestructured damages in the principal amounts of $350,000 for past pain and suffering, $1,500,000 for future pain and suffering over 42 years, and $500,000 for lost earnings over 26 years, unanimously affirmed, without costs.

A fair interpretation of the evidence supports the jury's finding, turning largely on the credibility of conflicting expert opinion, that defendant departed from accepted medical practice and that such departure was the cause of plaintiff's stroke (*see Torricelli v Pisacano*, 9 AD3d 291, 293 [2004], *lv denied* 3 NY3d 612 [2004]). Defendant's claim that the verdict against her is inconsistent with the verdict absolving another defendant physician of any liability was not raised until after the jury was discharged, and is therefore unpreserved (*see Barry v Manglass*, 55 NY2d 803, 806 [1981]; *Revis v City of New York*, 18 AD3d 290 [2005]). In any event, the claim lacks merit.

The court properly denied defendant's request for a missing witness charge with respect to a social worker whose entire treatment record of plaintiff was admitted into evidence and used extensively by defendant in support of her position, and whose testimony, therefore, would have been cumulative (*see Williams v Bright*, 230 AD2d 548, 557 [1997], *appeal dismissed* 90 NY2d 935 [1997]).

The awards for pain and suffering do not deviate materially from what is reasonable compensation (CPLR 5501 [c]), where plaintiff, then 34 years old, suffered a stroke that resulted in cognitive impairments, including deficits in attention, slow information processing speed and impaired visual perception skills; experiences altered sensation and pain in her left arm, a reduced ability to discriminate objects in her left hand and diminished fine motor control in her left arm; and was unable to handle the stress of her job requiring computer skills and hospitalized for depression (*cf. Paek v City of New York*, 28 AD3d 207 [2006]; *Reed v City of New York*, 304 AD2d 1, 6-7 [2003], *lv denied* 100 NY2d 503 [2003]; *Sawtelle v Southside Hosp.*, 305

AD2d 659 [2003]). The award for future lost earnings is adequately supported by the testimony of plaintiff's economic expert (*see Ruby v Budget Rent A Car Corp.*, 23 AD3d 257, 258 [2005], *lv denied* 6 NY3d 712 [2006]; *Mayi v 1551 St. Nicholas*, 6 AD3d 219 [2004]), and other testimony regarding the extent and cause of her cognitive impairments. Concur—Tom, J.P., Marlow, Williams, Catterson and Malone, JJ.