■ MARY ELIZABETH STEWART, Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Respondents. [875 NYS2d 26]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered September 11, 2007, after a jury verdict in plaintiff's favor, apportioning liability 72% against plaintiff and awarding her $22,000 for past pain and suffering, and bringing up for review an order, same court and Justice, entered June 14, 2007, which denied plaintiff's motion to set aside the verdict and grant a new trial on liability and damages, unanimously modified, on the facts, the past pain and suffering award vacated and a new trial directed on damages for past pain and suffering, and otherwise affirmed, without costs, unless defendants, within 30 days after service of a copy of this order, stipulate to an increased award of $150,000, prior to apportionment, for past pain and suffering and entry of an amended judgment in accordance therewith.

The jury's apportionment of fault was not against the weight of the evidence. Given the evidence that the intoxicated plaintiff stepped off the curb and continued to walk, even though she saw the bus turning onto the street, as well as conflicting evidence as to whether she was within the crosswalk at the time of the accident, the jury could have fairly determined that her

conduct was the greater cause of the accident (*see Shachnow v Myers*, 229 AD2d 432 [1996]).

Whether the trial court properly precluded a portion of the bus driver's testimony is a matter we need not resolve since any error in this regard was harmless.

The verdict denying future damages was not against the weight of the evidence, given the testimony of defendants' expert that plaintiff had no disability or permanent restrictions (*see Crooms v Sauer Bros. Inc.*, 48 AD3d 380, 381-382 [2008]; *Roness v Federal Express Corp.*, 284 AD2d 208 [2001]). However, the award of $22,000 for past pain and suffering deviated materially from reasonable compensation under the circumstances (CPLR 5501 [c]). It is undisputed that as a result of the accident, the 43-year-old plaintiff sustained fractures of her left elbow and the lateral cuneiform bone in her left foot, which required a hospital stay of three days, arm and leg braces for several months, and physical therapy for at least six months. The award for past pain and suffering is accordingly increased to the extent indicated. Concur—Andrias, J.P., Sweeny, McGuire and Moskowitz, JJ.