■ Rafael Hernandez et al., Respondents, v Michelle Vavra et al., Appellants, and Evelio Torres et al., Respondents. [880 NYS2d 50]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered April 9, 2008, awarding plaintiffs damages, based upon a jury verdict finding defendants-appellants 100% negligent in causing plaintiffs' decedent's personal injuries, unanimously affirmed, without costs.

The jury's verdict apportioning 100% of the fault to defendants bus company and operator was not against the weight of the evidence (*see Gonzalez v City of New York*, 45 AD3d 347, 348 [2007], *lv denied* 10 NY3d 701 [2008]; *McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]). Giving deference to its credibility findings, the jury could rationally conclude from the

trial evidence that the bus operated by defendant Vavra collided with a cab operated by defendant Evelio Torres, causing the cab to spin around and strike plaintiff as he was crossing the street.

The impact caused decedent to sustain, inter alia, a traumatic brain injury termed a subarachnoid hemorrhage. The evidence further supported plaintiffs' contention that the subarachnoid hemorrhage resulted in decedent suffering a cerebral infarct about one week after the accident. The award of $1 million for past pain and suffering and $1.75 million for future pain and suffering over 15 years did not materially deviate from what would be reasonable compensation under the circumstances (*see* CPLR 5501 [c]; *Paek v City of New York*, 28 AD3d 207, 208 [2006], *lv denied* 8 NY3d 805 [2007]; *Roness v Federal Express Corp.*, 284 AD2d 208 [2001]). The jury was also entitled to credit decendent's neurologist's testimony that decedent would require 12 hours of home health care services a day for the rest of his life. The testimony of decedent's health care provider supported the jury's award of $390,000 towards future home health care attendant expenses (*see Coore v Franklin Hosp. Med. Ctr.*, 35 AD3d 195, 197 [2006]).

Any error in redacting the police report was harmless, as the essence of Torres' alleged "admission" concerning the cause of the accident was elicited and explained during his cross-examination (*see Montes v New York City Tr. Auth.*, 46 AD3d 121, 127-128 [2007, Catterson, J., concurring]).

In light of the inconsistency between the information contained on the face of defendants' CPLR 3101 (d) notice pertaining to their expert neuropsychologist, and the substance of the expert's proposed testimony as clarified on voir dire, the trial court providently exercised its discretion in permitting the neuropsychologist to testify as to the results of his interview of decedent, while precluding him from testifying as to the results of neuropsychological tests he performed on decedent (*see Inwood Sec. Alarm, Inc. v 606 Rest., Inc.*, 35 AD3d 194 [2006]). Concur—Gonzalez, P.J., Mazzarelli, Buckley, Renwick and Abdus-Salaam, JJ.