Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered November 20, 2008, upon a jury verdict finding defendants 100% negligent in causing plaintiff’s personal injuries, unanimously affirmed, without costs.
Plaintiff was unavailable to testify due to memory loss. The trial court did not abuse its discretion in permitting plaintiff’s attorney to read excerpts of her prior General Municipal Law § 50-h hearing and deposition testimony into evidence in lieu of her live testimony at trial (see generally Feldsberg v Nitschke, 49 NY2d 636, 643 [1980]). CPLR 3117 (a) (3) (iii) permits the use of anyone’s deposition “for any purpose against any other party who was present or represented at the taking of the deposition or who had the notice required under these rules, provided the court finds . . . that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment.” The court correctly determined the proper foundation was laid for a finding that plaintiffs memory loss had rendered her too infirm to testify at trial (see People v Parks, 41 NY2d 36, 46 [1976]; Cutler v Konover, 81 AD2d 571, 572 [1981], affd 55 NY2d 891 [1982]; Wojtas v Fifth Ave. Coach Corp., 23 AD2d 685 [1965]). Plaintiffs treating physician testified that plaintiff’s *406 injuries severely impaired her immediate and delayed recall and abstract thinking, and her orientation to time and space, resulting in memory loss, and that these injuries and resulting deficits were causally related to the bus accident. The physician’s assessment of plaintiffs limited ability to recall the events surrounding the accident was highlighted when plaintiff herself attempted to testify at trial, during which she was unable to recollect her accurate home address, the current month, the circumstances of the accident, or any details concerning her medical treatment. This was consistent with excerpts of her prior testimony read to the jury, which were incoherent and internally contradictory, and did little or nothing to advance her case.
There is also no merit to defendants’ argument that the trial court erred in giving a Noseworthy charge, i.e., instructing the jury that if it were satisfied plaintiff had proven by clear and convincing evidence that she was suffering from memory loss caused by the accident, she would not be held to as high a degree of proof as a plaintiff who could herself describe what happened, thus giving the jury greater latitude in inferring defendants’ negligence based on circumstantial evidence. At no time during the course of the proceedings did defendants object to the Noseworthy charge, and thus the issue is not properly preserved for appellate review (CPLR 5501 [a] [3]; see Moore v Leaseway Transp. Corp., 49 NY2d 720, 722 [1980]). In any event, the record reveals ample evidence from which the jury could rationally have concluded that defendants were negligent and plaintiff was not contributorily negligent, and even if the charge had erroneously been given, any such error was not “so fundamental that it preclude [d] consideration of the central issue upon which the action is founded” (Breitung v Canzano, 238 AD2d 901, 902 [1997]), or “prejudiced a substantial right” of defendants (CPLR 2002), so as to warrant reversal and a new trial.
Finally, in light of the extensive nature of plaintiff’s brain injury resulting from the accident, and the devastating effects the injury has had on her physical being and her quality of life, the award of $1.9 million for past and future pain and suffering over 10 years does not materially deviate from what would be reasonable compensation under the circumstances (CPLR 5501 [c]; see Hernandez v Vavra, 62 AD3d 616, 617 [2009]). Concur— Tom, J.P., Andrias, Nardelli, DeGrasse and Freedman, JJ.