Smith, J.E (dissenting in part).
I respectfully dissent in part, because I cannot agree with the majority that specified elements of the award of damages following the second trial are proper. Initially, I agree with the majority that the issue of the additur, which Justice Peradotto in her dissent asserts must be addressed before we review the excessiveness of the second verdict, is not before us. I also agree with the remainder of the majority’s determination, including that, contrary to defendants’ contention, Supreme Court properly granted those parts of plaintiffs’ post-trial motion to set aside the verdict from the first trial with respect to damages for past and future pain and suffering, past and future loss of services and future supportive living expenses on the ground that the award for those elements of damages “deviates materially from what would be reasonable compensation” (CPLR 5501 [c]).
I agree with defendants, however, that the award after the second trial with respect to damages for past and future pain and suffering, past and future loss of services and future custodial care and supportive services also “deviates materially from what would be reasonable compensation” (id.). Although plaintiff Daniel C. Oakes sustained severe and life-changing injuries, in my view, an award of $2 million for past pain and suffering, $3.5 million for future pain and suffering, $200,000 for past loss of services, $300,000 for future loss of services, and $3 million for future custodial care and supportive services, with all future awards covering 17 years, is the maximum amount that the jury could have awarded as a matter of law based on the evidence at the second trial (see generally Angamarca v New York City Partnership Hous. Dev. Fund, Inc., 87 AD3d 206 [2011]; Coque v Wildflower Estates Devs., Inc., 58 AD3d 44, 56 [2008]; Pack v City of New York, 28 AD3d 207, 208 [2006], to denied 8 NY3d 805 [2007]; Sawtelle v Southside Hosp., 305 AD2d 659, 660 [2003]). Therefore, I would modify the judgment by vacating the award *821 with respect to damages for past and future pain and suffering, past and future loss of services and future custodial care and supportive services and grant a new trial on those issues unless plaintiffs stipulate to a reduction of the verdict with respect to those elements of damages as indicated.
Peradotto, J., dissents and votes to modify in accordance with the following memorandum.