■ Brendan D. Pearson et al., Appellants, v Carmen Sierra et al., Respondents. [649 NYS2d 39] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Barron, J.), dated September 12, 1995, which, upon a jury verdict in favor of the defendants on the issue of liability, denied their motion, *inter alia,* to set aside the verdict pursuant to CPLR 4404 (a), and (2) a judgment of the same court, dated November 29, 1995, which, upon the jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

On July 20, 1990, the plaintiff Brendan D. Pearson, an Emergency Medical Technician, went to the aid of a woman in premature labor. The woman was about to give birth to twins, who were in a breech position. The woman was sitting in the front seat of a car which had just arrived at the outdoor ambulance receiving area of the defendant Brooklyn Hospital. Mr. Pearson knelt on the ground, leaned into the passenger side of the car, and delivered the first of the babies. While Mr. Pearson was kneeling on the pavement holding the baby, the defendant Dr. Carmen Sierra hastened to the car in order to help. As Dr. Sierra leaned into the car to assess the situation she stepped on the back of Mr. Pearson's knee causing the injuries complained of. Mr. Pearson and his wife commenced this personal injury action.

The jury, in its answers to interrogatories, found that the defendant doctor stepped on Mr. Pearson's knee but that doing so did not constitute an act of negligence. The jury, therefore, found for the defendants on the issue of liability.

The court properly denied the plaintiffs' motion to set aside the verdict as against the weight of the evidence as the jury's determination was supported by a fair interpretation of the evidence presented (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746).

The plaintiffs' remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Rosenblatt, Sullivan and Hart, JJ., concur.