SECOND DEPARTMENT, DECEMBER, 1997

(December 1, 1997)

■ MURIEL ABRAHAMS, as Executor of SONIA GLOVINSKY, Deceased, Appellant, v KING STREET NURSING HOME, INC., Respondent. [664 NYS2d 479] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Colabella, J.), entered May 6, 1996, which denied her motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant and order a new trial on the ground that the verdict was contrary to the weight of the evidence, and (2) a judgment of the same court, dated June 14, 1996, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in this action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff's claim that the jury verdict should have been set aside as contrary to the weight of the credible evidence is without merit. The operative factor in the court's determination as to whether to set aside a jury verdict is a finding that the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744).

Here, the defendant nursing home presented evidence that the plaintiff's decedent's hospital release form listed her as "able to ambulate", her doctor did not order that she be restrained during the day, and the defendant's policy was that residents were not to be restrained without a doctor's order. Moreover, the plaintiff did not produce any meaningful evidence showing that the defendant was negligent in its supervision of the decedent. Therefore, the jury could reasonably have

reached the conclusion it did, and the trial court correctly denied the plaintiff's motion to set aside the verdict. Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.