ment.) Present—Green, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.

SEAR-BROWN GROUP, INC., Appellant-Respondent, v JAY BUILDERS, INC., et al., Respondents-Appellants. (Appeal No. 1.) [710 NYS2d 234] —Appeal and cross appeal unanimously dismissed without costs (*see,* CPLR 5501 [a] [1]). (Appeals from Order of Supreme Court, Monroe County, Calvaruso, J.—Contract.) Present—Green, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.

SEAR-BROWN GROUP, INC., Appellant-Respondent, v JAY BUILDERS, INC., et al., Respondents-Appellants. (Appeal No. 2.) [707 NYS2d 580] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied plaintiff's motion for a directed verdict (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499) and defendants' motion to set aside the verdict as against the weight of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746). We conclude, however, that the court erred in determining that prejudgment interest should accrue from August 1, 1987. The record establishes that plaintiff's initial offsite mass grading plan was dated July 19, 1987. That plan underwent several revisions, the last of which occurred in February 1989. Based on the revised plan, the grading of phase 3 of the project of defendant Jay Builders, Inc. (Jay Builders) commenced in February or March 1989. Because the damages of Jay Builders arose from the implementation of that final revised plan, i.e, it sustained additional earth moving costs and the value of the property was reduced, "the earliest ascertainable date" (CPLR 5001 [b]) of defendants' counterclaim was February 1, 1989. Consequently, we modify the judgment by changing the prejudgment interest accrual date from August 1, 1987 to February 1, 1989.

We have reviewed the remaining contentions of the parties and conclude that they are without merit. (Appeals from Judgment of Supreme Court, Monroe County, Calvaruso, J.—Contract.) Present—Green, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.

KIRBY'S GRILL, INC., Appellant, v WESTVALE PLAZA et al., Respondents. [708 NYS2d 654] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff commenced this action seeking declaratory and injunctive relief in connection with its rights to use certain areas and facilities that allegedly fall within the definition of