■ MARILYN CICALESE, Respondent, v MYLES A. CARTER, D.D.S., P.C., et al., Appellants. [778 NYS2d 721]—In an action to recover damages for dental malpractice, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Werner, J.), entered April 8, 2003, which, upon the denial of their motion to dismiss the complaint, made at the close of the plaintiff's case, and upon a jury verdict, is in favor of the plaintiff and against them in the principal sums of $1,000 for past dental expenses, $75,000 for past pain and suffering, and $125,000 for future pain and suffering.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provisions thereof awarding the plaintiff damages for past and future pain and suffering,

and a new trial is granted on the issue of those damages only; as so modified, the judgment is affirmed, with costs to the defendants, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $75,000 to the sum of $35,000, and to reduce the damages for future pain and suffering from the sum of $125,000 to the sum of $75,000; in the event that the plaintiff so stipulates, then the judgment, as amended, is affirmed, without costs or disbursements.

The Supreme Court properly denied the defendants' motion to dismiss the complaint, made at the close of the plaintiff's case. Granting the plaintiff every favorable inference to be drawn from the evidence, there was a rational basis upon which a jury could have found for the plaintiff (*see Rhabb v New York City Hous. Auth.*, 41 NY2d 200, 202 [1976]; CPLR 4401). Further, the jury verdict was not against the weight of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]).

However, the award of damages for past and future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated (*see* CPLR 5501 [c]).

The defendants' remaining contentions are without merit. Ritter, J.P., Altman, Mastro and Skelos, JJ., concur.