Rosanell Rankins, Respondent,
against
Jose X. Mogrovejo and Juan C. Mogrovejo, Appellants.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Reginald A. Boddie, J.), entered October 24, 2013. The judgment, upon jury verdicts on the issues of liability and damages, and upon an order of the same court dated July 20, 2012 denying defendants' motion, pursuant to CPLR 4404 (a), to set aside as excessive so much of the jury verdict on damages as awarded plaintiff $315,000 for past pain and suffering, and $300,000 for future pain and suffering, and a separate order of the same court entered January 30, 2013 denying defendants' application for a collateral source hearing, awarded plaintiff the principal sum of $790,000.




ORDERED that the judgment is reversed, without costs, the order dated July 20, 2012 denying defendants' motion to set aside as excessive so much of the jury verdict on damages as awarded plaintiff $315,000 for past pain and suffering, and $300,000 for future pain and suffering is vacated, defendants' motion is granted, and the matter is remitted to the Civil Court for a new trial on the issue of damages for past pain and suffering and future pain and suffering only, and for the entry of an appropriate judgment thereafter, including an award of $175,000 for future medical expenses, unless within 30 days after service upon plaintiff of a copy of this decision and order, plaintiff shall serve and file in the office of the Clerk of the Civil Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $315,000 to the principal sum of $175,000, and the verdict as to damages for future pain and suffering from the principal sum of $300,000 to the principal sum of $150,000, and to the entry of an appropriate amended judgment; in the event that the plaintiff so stipulates, the judgment, as so reduced and amended in the total principal sum of $500,000, is affirmed, without costs.
On November 9, 2006, plaintiff was crossing the street at the intersection of Nostrand Avenue and Clifton Place in Brooklyn, when she was struck by a vehicle owned by defendant Jose X. Mogrovejo and operated by his brother, defendant Juan C. Mogrovejo. As a result of the accident, plaintiff suffered injuries to her right knee and lower back. Following a trial on the issue of liability, the jury returned a verdict finding that defendants were 100% responsible for causing the accident.
At the conclusion of the damages phase of the trial, the jury returned a verdict awarding plaintiff $315,000 for past pain and suffering, $300,000 for future pain and suffering (over the [*2]course of 29.9 years), and $175,000 for future medical expenses (over the course of 29.9 years). Thereafter, defendants moved, pursuant to CPLR 4404 (a), to set aside the jury verdict as excessive, on the ground that the amounts awarded deviated materially from what would constitute reasonable compensation. By order dated July 20, 2012, the Civil Court denied the motion. Defendants also separately moved, pursuant to CPLR 4545, for a collateral source hearing with respect to the award of future medical expenses, on the ground that plaintiff had been a recipient of workers' compensation benefits. The Civil Court initially granted the motion for a collateral source hearing in a written decision dated June 1, 2012, and then, after requesting that the parties submit memoranda regarding whether defendants were entitled to a collateral source hearing, vacated its prior decision in a "sua sponte decision/order" entered January 30, 2013, finding that a collateral source hearing was "unnecessary and not properly warranted."
A judgment in the principal sum of $790,000 was entered on October 24, 2013, from which defendants appeal.
While defendants contend that the jury verdict on the issue of liability should have been set aside as contrary to the weight of the evidence, we note that defense counsel had stated, in an affirmation, that defendants were not challenging the jury's liability finding "as there is sufficient record support for the jury to have come to this conclusion." In any event, the verdict on the issue of liability was not against the weight of the evidence, as the evidence on that issue did not so preponderate in favor of defendants that the verdict could not have been reached upon any fair interpretation of the evidence (see generally Lolik v Big V Supermarkets, 86 NY2d 744 [1995]).
Nor was it error for the Civil Court to deny defendants' application for a collateral source hearing (see Firmes v Chase Manhattan Auto. Fin. Corp., 50 AD3d 18 [2008]), as defendants did not "tender some competent evidence from available sources that the plaintiff's economic losses may in the past have been, or may in the future be, replaced, or the plaintiff indemnified, from collateral sources" (id. at 36).
The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation (see CPLR 5501 [c]; Sweet v Rios, 113 AD3d 750 [2014]). Under the circumstances presented herein, we find that the jury awards of $315,000 for past pain and suffering and $300,000 (over the course of 29.9 years) for future pain and suffering deviated materially from what would be reasonable compensation (see CPLR 5501 [c]) and that awards of $175,000 for past pain and suffering and $150,000 for future pain and suffering would constitute reasonable compensation. We leave undisturbed so much of the jury's verdict as awarded plaintiff $175,000 for future medical expenses, as defendants raise no issue with respect thereto.
Accordingly, the judgment is reversed, the July 20, 2012 order denying defendants' motion to set aside as excessive so much of the jury verdict on damages as awarded plaintiff $315,000 for past pain and suffering, and $300,000 for future pain and suffering is vacated, defendants' motion is granted, and the matter is remitted to the Civil Court for a new trial on the issue of damages for past pain and suffering and future pain and suffering only, and for the entry of an appropriate judgment thereafter, including an award of $175,000 for future medical expenses, unless plaintiff serves and files a stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $315,000 to the principal sum of $175,000, and the verdict as to damages for future pain and suffering from the principal sum of $300,000 to the principal sum of $150,000, and to the entry of an appropriate amended judgment.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: December 16, 2016