■ The People of the State of New York, Respondent, v Pablo Minier, Appellant. [42 NYS3d 813]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Thomas Farber, J.), rendered July 29, 2014, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Mazzarelli, J.P., Sweeny, Richter, Manzanet-Daniels and Feinman, JJ.

■ Natalie Solomon, Appellant, v City of New York et al., Defendants, and Action Arts League, Respondent. [42 NYS3d 801]—

Judgment, Supreme Court, New York County (Frank P. Nervo, J.), entered August 7, 2015, upon a jury verdict in defendant's favor, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 30, 2014, which denied plaintiff's motion to set aside the jury verdict, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff seeks to recover damages for injuries she sustained at an art festival run by defendant. Plaintiff had climbed to the top of an art installation known as the Drop, an 18-foot-high, smooth, round, air-filled structure, and begun to dance on it, and, when other people reached the top and started dancing, she fell off.

The jury's conclusion that defendant did not breach its duty to maintain the Drop in a reasonably safe condition by failing to secure it in such a way as to prevent plaintiff from falling off it is supported by a reasonable interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [1st Dept 2004]). Concur—Mazzarelli, J.P., Sweeny, Richter, Manzanet-Daniels and Feinman, JJ.