Restagno v Baybridge at Bayside Condominium III (2021 NY Slip Op 02432)





Restagno v Baybridge at Bayside Condominium III


2021 NY Slip Op 02432


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-14085
 (Index No. 2703/15)

[*1]Dominick Restagno, appellant, 
v
Baybridge at Bayside Condominium III, et al., respondents, et al., defendant.


Edelman & Edelman, P.C., New York, NY (David M. Schuller of counsel), for appellant.
Margaret G. Klein (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered October 7, 2019. The judgment, upon a jury verdict, and upon an order of the same court dated June 7, 2019, denying the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, is in favor of the defendants Baybridge at Bayside Condominium III and Century Management Services, Inc., and against him dismissing the complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed, with costs.
The plaintiff slipped and fell on an icy condition on the sidewalk in front of his condominium in Bayside. At the time of the accident, the subject premises (hereinafter the property) was owned by the defendant Baybridge at Bayside Condominium III (hereinafter Baybridge) and managed by the defendant Century Management Services, Inc. (hereinafter Century, and hereinafter together with Baybridge, the property defendants). The plaintiff commenced the instant action against the property defendants and another defendant to recover damages for personal injuries, alleging that the property defendants were negligent, inter alia, in the maintenance of the property. After joinder of issue, the case proceeded to trial against the property defendants. After the liability phase of the trial, the jury returned a verdict in favor of the property defendants on the issue of liability. Thereafter, the plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion, and a judgment was entered in favor of the property defendants and against the plaintiff dismissing the complaint insofar as asserted against the property defendants. The plaintiff appeals.
Contrary to the plaintiff's contention, the jury's finding that the property defendants did not create the ice condition on the sidewalk in front of the condominium where he slipped and fell by piling snow in the grassy area adjacent thereto was supported by a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746). The jury could have reasonably concluded, in light of the trial testimony of Maria Carlo, who was employed by Century as the site [*2]manager for Baybridge, and the photographs admitted into evidence showing the ice condition at issue and the surrounding conditions that existed shortly after the subject accident, that the ice condition upon which the plaintiff fell was not created by any snow removal efforts of the property defendants either on the date of the accident or the day prior. It was well within the province of the jury to accept Carlo's trial testimony that the grassy area, as depicted in the photos admitted into evidence, was not an area where the maintenance staff placed snow after shoveling (see Bongiovanni v Eckhardt, 176 AD3d 1157, 1159).
The plaintiff's remaining contention, that the Supreme Court erred in refusing to allow the plaintiff to admit into evidence the black ice advisory or any expert testimony regarding the advisory, is without merit.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court