Nozhnik v NJS Carpentry, Inc. (2021 NY Slip Op 03283)





Nozhnik v NJS Carpentry, Inc.


2021 NY Slip Op 03283


Decided on May 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 25, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Index No. 114010/05 Appeal No. 13916N Case No. 2020-01148 

[*1]Sophia Nozhnik, Esq., as Guardian Ad Litem for Lassina Diarra, Plaintiff- Respondent,
v
NJS Carpentry, Inc. et al., Defendants, Richard Radna, M.D., Defendant- Appellant.


Collins, FitzPatrick & Schoene, LLP, White Plains (Ralph F. Schoene of counsel), for appellant.
The Flomenhaft Law Firm, PLLC, New York (Michael Benedene Cannata of counsel), for respondent.



Order, Supreme Court, New York County (John J. Kelley, J.), entered October 18, 2019, which, following a jury verdict in favor of defendant Richard Radna, M.D., granted plaintiff's motion to set aside the verdict as against the weight of evidence and directed that a new trial be held on the medical malpractice claim, unanimously affirmed, without costs.
The trial court properly found that the evidence so preponderated in favor of plaintiff that the verdict in favor of Dr. Radna, that the particular surgical procedure employed by him on the spine of Lassina Diarra was not a deviation from good and acceptable medical care, could not have been reached by any fair interpretation of the evidence (CPLR 4404[a]; see Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; McDermott v Coffee Beanery, Ltd., 9 AD3d 195, 206 [1st Dept 2004]). Accordingly, a new trial was warranted (see Cohen v Hallmark Cards, 45 NY2d 493, 498 [1978]). Dr. Radna's own expert's testimony contradicted Dr. Radna on key issues such as whether insertion of grafts, in the absence of performing a fusion, was appropriate, and whether the postoperative subsistence and pseudoarthrosis that occurred from the grafts were the intended results of the procedure versus an indication of its failure.
While Dr. Radna's expert testified that the procedure was not a deviation from good and acceptable medical practice, he ultimately conceded on cross-examination that he could not determine the intent of the procedure. The expert also testified that he had not employed Dr. Radna's surgical procedure in such a manner in 25 years, that the procedure was "uncommon," and that the result here was not optimal or even good, as Dr. Radna claimed.
In contrast, plaintiff and codefendants' experts testified consistently that Dr. Radna's plan of achieving stabilization of the spine while preserving its movement was irreconcilably contradictory. In light of such testimony, the trial court properly set aside the jury's verdict (see Annunziata v Colasanti, 126 AD2d 75 [1st Dept 1987]).
Dr. Radna's alternative argument, that no cognizable injury was suffered as a matter of law, is unpersuasive. At a minimum, plaintiff's claim that the erosion caused by the grafts placed by Dr. Radna required Diarra to undergo a subsequent fusion is a
compensable injury. Moreover, surveillance tapes showing Diarra walking without a cane or obvious pain did not defeat his testimony of pain and suffering as a matter of law. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2021