Landon v Kroll Lab. Specialists, Inc. (2023 NY Slip Op 03688)

Landon v Kroll Lab. Specialists, Inc.

2023 NY Slip Op 03688

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2019-13326
2019-13328
 (Index No. 9696/09)

[*1]Eric Landon, respondent, 
v
Kroll Laboratory Specialists, Inc., appellant.

Winston & Strawn LLP, New York, NY (Linda T. Coberly, pro hac vice, and Harvey Kurzweil and Michael A. Fernández of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant appeals from (1) a judgment of the Supreme Court, Orange County (Catherine M. Bartlett, J.), entered June 6, 2019, and (2) an order of the same court dated October 2, 2019. The judgment, insofar as appealed from, upon a jury verdict, is in favor of the plaintiff and against the defendant in the principal sum of $535,000. The order denied the defendant's motion pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law, or, in the alternative, to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, or, in the alternative, to set aside the jury verdict on the issue of damages as excessive and for a new trial on the issue of damages.
ORDERED that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a new trial on the issue of damages, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Orange County, a written stipulation consenting to reduce the verdict as to damages from the principal sum of $535,000 to the principal sum of $100,000 and to the entry of an amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order as denied that branch of the defendant's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages as excessive and for a new trial on the issue of damages is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the judgment; and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
In 2002, the plaintiff entered a plea of guilty to the crime of forgery in the second degree in exchange for a sentence of five years probation. As a condition of his plea agreement, the plaintiff was required to submit to periodic drug testing. On December 17, 2007, shortly before the plaintiff's term of probation was to expire on January 3, 2008, the plaintiff submitted to a drug test, [*2]which was analyzed by the defendant. On December 20, 2007, the defendant reported to the Orange County Probation Department that the plaintiff's drug test obtained on December 17, 2007, had yielded a positive result for cannabinoids, resulting in the commencement of a violation of probation proceeding seeking to have the plaintiff incarcerated. At the plaintiff's arraignment in the violation of probation proceeding on January 2, 2008, the plaintiff presented the results of an independent blood test taken on December 17, 2007, which yielded a negative result for controlled substances. On March 20, 2008, the violation of probation petition was withdrawn in the plaintiff's favor.
In or around August 2009, the plaintiff commenced this action, inter alia, to recover damages for negligence, alleging, among other things, that the defendant issued the report reflecting a positive test negligently, causing him to incur, inter alia, an extended term of probation for an approximately 11-week period, psychological injury, and harm to his reputation. Following a jury trial, the jury returned a verdict finding that the defendant was negligent, that such negligence was a substantial factor in causing harm to the plaintiff, and that the plaintiff was entitled to damages in the principal sum of $535,000 for "the loss of freedom occasioned by the extension of his probation and the resulting emotional harm." On June 6, 2009, the Supreme Court entered a judgment in favor of the plaintiff and against the defendant in the principal sum of $535,000. Thereafter, the defendant moved pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law, or, in the alternative, to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, or, in the alternative, to set aside the jury verdict on the issue of damages as excessive and for a new trial on the issue of damages. In an order dated October 2, 2009, the court denied the defendant's motion. The defendant appeals.
For a court to conclude as a matter of law that a jury verdict is not supported by legally sufficient evidence, "[i]t is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499). A jury verdict should not be set aside as contrary to the weight of the evidence unless it could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746).
Contrary to the defendant's contention, a valid line of reasoning and permissible inferences supported the jury's determination that the defendant was negligent, and that the defendant's negligence was a substantial factor in causing the plaintiff's injuries (see Cohen v Hallmark Cards, 45 NY2d at 499). Further, the jury's determination with respect to the defendant's liability was supported by a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d at 746).
"The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Graves v New York City Tr. Auth., 81 AD3d 589, 589; see CPLR 5501[c]). Here, considering the nature and the extent of the plaintiff's injuries, the jury's verdict on the issue of damages deviated materially from what would be reasonable compensation to the extent indicated herein (see CPLR 5501[c]).
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court