Diaz v State of New York (2023 NY Slip Op 05185)

Diaz v State of New York

2023 NY Slip Op 05185

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Webber, J.P., Kern, Singh, Scarpulla, Rosado, JJ. 

Appeal No. 768-769 Case No. 2022-03897, 2022-03898 

[*1]Severo Martin Diaz, Claimant-Appellant,
v
The State of New York, Defendant-Respondent. 

Michael J. Aviles & Associates LLC, New York (Natascia Ayers of counsel), for appellant.
Letitia James, Attorney General, New York (Elizabeth A. Brody of counsel), for respondent.

Judgment, Court of Claims of the State of New York (Richard E. Sise, J.), entered May 31, 2022, after a nonjury trial, in this action arising from a motor vehicle accident, apportioning 70% liability to claimant and 30% liability to defendant and setting the matter down for trial on the issues of serious injury and damages, unanimously affirmed, without costs. Appeal from order, same court and Judge, entered May 13, 2022, which made findings of fact as to liability and directed entry of aforesaid judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court's finding that claimant was comparatively negligent and apportioning of 70% liability to him was not against the weight of the evidence (see Cohen v Hallmark Cards, 45 NY2d 493, 498 [1978]). Its finding that claimant struck defendant's stopped vehicle, as opposed to defendant's vehicle striking his, was supported by a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Hardwick v State of New York, 90 AD3d 540, 540 [1st Dept 2011]). Drivers are duty bound to operate their motor vehicles in a manner that is reasonable and prudent under the circumstances and to see what is there to be seen through the ordinary use of their senses (see Bunn v City of New York, 166 AD3d 491, 492-493 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023